[Crim. No. 9823. In Bank. July 13, 1966.]

In re ARTHUR A. HERNANDEZ on Habeas Corpus.

Arthur A. Hernandez, in pro. per., and Burton Marks, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Robert R. Granucci and John T. Murphy, Deputy Attorneys General, for Respondent.

TRAYNOR, C. J.—Petitioner was convicted of first degree robbery (Pen. Code, §§ 211, 211a) in a nonjury trial on an information charging him with a prior felony conviction in Arizona. He denied the prior conviction, and evidence of it was admitted at the trial. (Pen. Code, § 1025.[1]) The trial

---

[1] "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction pleads either guilty or not guilty

court found that petitioner was guilty of robbery, that the offense was robbery in the first degree because an accomplice was armed with a deadly weapon, and that petitioner had suffered the prior felony conviction. It denied probation and sentenced petitioner to prison. On appeal the Attorney General conceded that the prior conviction had not been proved, because it could not be determined from the Arizona records that the offense would have been a felony if committed in California. (See Pen. Code, § 1203.) The District Court of Appeal affirmed the conviction but modified the judgment to strike the prior conviction. (*People* v. *Hernandez,* nonpublished opinion, District Court of Appeal, 2 Crim. 9864, July 7, 1965.) We denied a petition for hearing.

In this habeas corpus proceeding petitioner contends that he was denied due process of law by reason of the admission of evidence of his prior conviction and that the District Court of Appeal should have reversed the judgment and remanded the case for resentencing when it found that the prior conviction had not been proved.

 There is no merit in petitioner's contention that he was denied due process of law. Even if a jury might be unable under some circumstances to disregard a defendant's prior convictions in determining his guilt or innocence of the crime charged (see *Lane* v. *Warden, Maryland Penitentiary* (4th Cir.) 320 F.2d 179; *Jackson* v. *Denno,* 378 U.S. 368 [84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205]), the facts of this case preclude the granting of relief. Petitioner waived a jury trial and was tried before a judge, who was presumably able to weigh the evidence without being prejudiced by a charge of a prior felony conviction. (See *People* v. *Purvis,* 52 Cal.2d 871, 883 [346 P.2d 22]; *People* v. *Powell,* 34 Cal.2d 196, 204-205 [208 P.2d 974]; *People* v. *Smylie,* 217 Cal.App.2d 118, 122 [31 Cal.Rptr. 360].)

---

of the offense charged against him, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answer must be entered in the minutes of the court, and must, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. If he answers that he has not, his answer must be entered in the minutes of the court, and the question whether or not he has suffered such previous conviction must be tried by the jury which tries the issue upon the plea of not guilty, or in case of a plea of guilty, by a jury impaneled for that purpose, or by the court if a jury is waived. The refusal of the defendant to answer is equivalent to a denial that he has suffered such previous conviction. In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial.''

■ Petitioner's second contention, however, is well taken. The third paragraph of section 1203 of the Penal Code provides that, "except in unusual cases where the interest of justice demands a departure from the declared policy, no judge shall grant probation to any person who shall have been convicted of robbery, burglary or arson, and who at the time of the perpetration of said crime or any of them or at the time of his arrest *was himself armed with a deadly weapon* (unless at the time he had a lawful right to carry the same), . . . nor to any such person unless the court shall be satisfied that he has never been previously convicted of a felony in this state *nor previously convicted in any other place of a public offense which would have been a felony if committed in this state.*" (Italics added.) Although the fact that petitioner's accomplice was armed with a deadly weapon at the time of the robbery made petitioner guilty of first degree robbery (Pen. Code, § 211a), it did not affect his eligibility for probation since he was not "himself" so armed. (*People* v. *Perkins,* 37 Cal.2d 62, 64 [230 P.2d 353].) ■ The finding of the prior felony conviction, however, brought petitioner within the limitation on the granting of probation set forth in section 1203 and might have influenced the trial court to deny his application for probation. If a trial court might have been influenced in denying probation by an erroneous finding of a prior felony conviction, habeas corpus is a proper remedy to secure reconsideration of the application for probation upon a corrected record. (*In re Bartges,* 44 Cal.2d 241, 247 [282 P.2d 47] ; see *People* v. *Morton,* 41 Cal.2d 536, 545 [261 P.2d 523].)

The petition for a writ of habeas corpus is granted, and the District Court of Appeal, Second Appellate District, Div. Three, is directed to recall its remittitur in *People* v. *Hernandez,* 2 Crim. 9864, to vacate its decision, and to reverse the judgment of the Superior Court of Los Angeles County for the sole purpose of permitting the trial judge to determine whether probation should be granted upon the corrected record.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.