[Crim. No. 19756. Second Dist., Div. Three. Mar. 23, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
JEROME J. WAX, Defendant and Appellant.

**COUNSEL**

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert F. Katz and Samuel E. Spital, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ALLPORT, J.**—On April 3, 1968, defendant was sentenced to state prison for a violation of Health and Safety Code section 11501 (selling narcotics). On October 7, 1970, pursuant to the mandate of *People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], defendant, while an inmate at Represa, filed a petition for writ of habeas corpus in the superior court seeking to have the allegation of a prior conviction, found to be true at the time of trial, stricken from the record. While three priors were alleged there was no disposition made of the other two. A hearing was held before the same judge that tried the case. Defendant was represented by a deputy public defender. At the latter's request the court read and considered the cumulative case summary and the probation report which had been previously filed on March 21, 1968. After indicating that there was nothing sufficiently unusual about defendant's case to justify the striking of the prior felony narcotic conviction (Health & Saf. Code, § 11500), the writ (motion to strike the priors) was denied. Defendant has appealed from the judgment (order) of denial. This being an appeal from an order made after judgment and affecting the substantial rights of defendant, the appeal lies. (Pen. Code, § 1237, subd. 2.)

In briefs filed by defendant in pro. per. and by court-appointed counsel it is contended that, in denying the request to strike the prior, the trial court was under the erroneous impression that, as a result of legislative action, it had no discretion in the matter and the court's failure to exercise discretion was error, citing *People* v. *Lo Cicero,* 71 Cal.2d 1186, 1194-1195 [80 Cal.Rptr. 913, 459 P.2d 241], and *In re Hernandez,* 64 Cal.2d 850 [51 Cal.Rptr. 915, 415 P.2d 803], in support of reversal. We agree that the matter at issue involves the exercise of an act of discretion by the trial court, unrestricted by exisiting legislative enactment.

In *People* v. *Tenorio, supra,* 3 Cal.3d 89, 95, footnote 2, it was said: "Any prisoner suffering a sentence imposed after the effective date of Health and Safety Code section 11718 (Sept. 18, 1959) and augmented by virtue of a prior narcotics conviction may file a habeas corpus petition with the superior court inviting the exercise of discretion to dismiss the prior conviction." We do not agree, however, with the conclusion that the trial court's action in denying the petition did not involve an exercise of judicial discretion or that either *Lo Cicero* or *Hernandez* compel reversal. At the outset of the hearing the court made known its awareness of *Tenorio,* and we may assume that awareness included knowledge of the discretionary aspects of the matter set forth above. We do not believe that the references by the court to the legislative function compels the conclusion that the court felt that priors could be stricken only in "unusual"

cases. The tenor of the comments leads us to believe that, in asking wherein there was anything "unusual" about the instant case, the court was seeking a reason in fact or in law to exercise its discretion favorably to defendant. The available record, augmented by the argument of counsel, apparently failed to give the court reason to so exercise its *Tenorio* prerogative, hence the ruling refusing to strike the prior. Our conclusion herein is fortified by reference to the following comments made by the court during the hearing. (The court to defense counsel): "How does Mr. Wax's case differ from others? What kind of a case do you believe the court should not strike the prior?," (and in making its ruling), "But the court believes that this is not the kind of case that the court should strike the prior." We are unable to say either that the trial court refused to exercise discretion or abused its discretion herein, hence its action must stand. (Cf. *In re Johnson,* 3 Cal.3d 404, 418-419 [90 Cal.Rptr. 569, 475 P.2d 841].)

██ It is also contended that the failure to obtain and consider an up-to-date probation report before denying the writ was reversible error. It does not appear from the record before us that either a new probation report or a report from the Director of Corrections as to the conduct of petitioner in prison since his original sentencing was obtained. Without expressing any opinion on the merits of the matter, we must agree with this contention. In the recent case of *In re Cortez,* 6 Cal.3d 78 [98 Cal. Rptr. 307, 490 P.2d 819], the Supreme Court stated, among other things, "For the guidance of court and counsel in this case and in similar cases we outline the procedure to be followed in the future where a petition seeking *Tenorio* relief is filed: . . . [T]he sentencing court should obtain a new probation report and/or a report from the Director of Corrections as to the conduct of petitioner in prison since his original sentencing." (*In re Cortez, supra,* at pp. 88-89.)

The judgment is reversed and appellant remanded to the custody of the Superior Court of Los Angeles County with directions to that court to vacate its order of November 24, 1970, and to proceed in accordance with the views expressed in *In re Cortez, supra.*

Schweitzer, Acting P. J., and Cobey, J., concurred.