[Crim. No. 16112. In Bank. July 12, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
HERSEY BENN, Defendant and Appellant.

## COUNSEL

Hersey Benn, in pro. per., and Richard H. Levin, under appointment by the Supreme Court, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, William E. James, Assistant Attorney General, William R. Pounders and Frederick R. Millar, Jr., Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**PETERS, J.**—Defendant was convicted in 1963 on two counts of sale of heroin[1] in violation of section 11501 of the Health and Safety Code. Two

---

[1] A $6 sale and a $12 sale to an informer.

alleged prior convictions for narcotics offenses were found to be true. On appeal, in 1964, the judgment of conviction was affirmed, but thereafter, in 1968, on direction of this court, the Court of Appeal recalled its remittitur because of inadequate representation by counsel on appeal. The Court of Appeal then granted a rehearing, appointed counsel, reconsidered the appeal, and again affirmed the conviction.

In 1970, the defendant filed a petition in the superior court seeking to have the two prior convictions stricken under the rule of *People* v. *Tenorio,* 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993]. Counsel was appointed and a hearing held, after which the superior court ordered one prior conviction stricken and resentenced defendant. Defendant appeals from the new judgment.

Defendant contends that there were defects in the 1970 *Tenorio* resentencing hearing. At that hearing, the evidence considered by the judge in determining whether to strike the prior convictions included the official files for the two prior offenses,[2] a case summary of the defendant's activities while in custody since the 1963 sentencing,[3] and a probation report on file since the initial 1963 sentencing. The court did not order a current probation report.

In granting the motion to strike defendant's first prior conviction, the court limited its inquiry to the type of sentence which had been imposed. The court concluded that, since only a misdemeanor sentence had been imposed and the intent of the statute prescribing additional punishment for prior convictions was not to penalize defendants for misdemeanor convictions, it would be violative of the intent of the legislative scheme not to strike the prior conviction.[4]

---

[2]The information in these files includes the facts that the sentence imposed for the first prior conviction was only a misdemeanor and the sentence imposed for the second prior conviction was suspended; that the first conviction was based on the possession of a single marijuana cigarette, and the second on the possession of a single capsule of heroin; and that both prior convictions were over 20 years old.

Defendant was 46 years old at the time of the last conviction. Sentencing him under two prior convictions would make him ineligible for parole for 15 years, and sentencing him under one prior conviction would make him ineligible for parole for 10 years. If both priors are struck the sentence is five years to life. (Health & Saf. Code, § 11501.)

[3]A copy of this report was not made a part of the record before this court. However, defendant alleges and it is not disputed by respondent, that the major portion of this case summary was prepared in the early part of 1963, shortly after defendant commenced serving his term in the within case. The remaining portion of the case summary consists of a progress report dated April 1969, almost two years prior to the sentencing hearing at issue in the instant action.

[4]In this regard the court stated: "With respect to the first prior alleged, the Court notes that the sentence was six months in the county jail, a misdemeanor sentence,

In denying the defense motion to strike the second prior conviction the court again limited its consideration to the type of sentence which had been imposed. The court said that due to the sentence imposed, the prior conviction must be considered a felony, and that this is the type of conviction for which the Legislature intended that defendants be penalized in the imposition of sentences for subsequent convictions. The judge stated: "The Court notes that it was the feeling of the judge at the time of the sentencing [the initial 1963 sentencing] that even though he would like to have done something else or might have liked to have done something else, he thought that it would be a violation of the intent of the legislature to impose a different sentence than that prescribed by the legislature, the prior offenses having been found to be true. *Therefore, the Court finds that the second conviction is one that was within the intention of the legislature, and, whatever this Court may think about the severity of the penalty*, the Court believes and finds that that sentence, that conviction, was properly found by the Court to be true and is one that should be considered in the imposition of the punishment." (Italics added.)

In *People* v. *Tenorio, supra,* 3 Cal.3d 89, 94, we held that the portion of section 11718 of the Health and Safety Code, which prevented a court from exercising its power to strike prior convictions unless such a motion was made by the district attorney, constituted an improper invasion of the constitutional province of the judiciary and was violative of the California constitutional requirement of separation of powers. (Cal. Const., art. III; art. VI, § 1.) Our holding was based on the rationale that judicial power, once extended, is compromised when a judge is required to pay homage for its exercise.

Applying the same rationale, this court subsequently held invalid Penal Code section 17, subdivision (b)(5) insofar as it required the prosecutor's consent before a magistrate could exercise his discretion to determine that a charged offense was to be tried as a misdemeanor. (*Esteybar* v. *Municipal Court,* 5 Cal.3d 119, 127 [95 Cal.Rptr. 524, 485 P.2d 1140].) We reasoned that although the Legislature was not in the first instance required to extend to the judiciary the power to determine whether to hold a defendant to answer to a felony or to a misdemeanor charge, having done so, that grant of power could not be conditioned upon the consent of the prosecutor.

and at the present time it would appear to the Court it would also be a misdemeanor sentence. The Court finds that it is within the purpose and intent of the statute prescribing additional sentence for prior convictions, the offenses chapter in which the narcotics crimes are described, that the intention is not to penalize the defendant for this type of offense or for sentence, misdemeanor sentence. Therefore, the Court orders the first prior stricken, that prior for violation of Section 11500 of the Health and Safety Code, sentence for which was imposed on February 9, 1948."

More recently in *People* v. *Navarro,* 7 Cal.3d 248 [102 Cal.Rptr. 137, 497 P.2d 481], this court held that those portions of section 3051 of the Health and Safety Code which purport to prohibit the sentencing judge from committing a defendant to a narcotics treatment program without the concurrence of the district attorney, violate the California Constitution's requirement that the judicial power be vested in the judiciary and that the powers of government be separated into the executive, the legislative, and the judicial. (Art. VI, § 1; art. III.) There, as in *Esteybar,* it was held that although the Legislature was not required in the first instance to grant the sentencing judge the power to make such a commitment, the Legislature having conferred this power its exercise could not be conditioned upon the approval of the district attorney.

■ There is nothing in section 11718 to suggest that the Legislature intended to limit the sentencing judge's power to strike prior convictions to only those prior convictions for which a misdemeanor conviction sentence was imposed. In exercising his power to strike prior convictions under section 11718, the sentencing judge ". . . exercises a judicial power which *must* be based upon an examination of the *circumstances of the particular case* before him, . . ." (*People* v. *Tenorio, supra,* 3 Cal.3d 89, 95; italics added.) Although the sentence imposed for a prior offense may be a factor to be taken into consideration, it should not be considered to the exclusion of all the other circumstances.[5]

It is apparent from the record in the instant case that the sentencing judge did not appreciate the scope of judicial discretion conferred on him by section 11718. Although the sentencing judge did have before him

---

[5]In *People* v. *Wax,* 24 Cal.App.3d 302, 304-305 [101 Cal.Rptr. 289], the defendant appealed the resentencing judge's decision not to strike defendant's prior conviction, on the ground that the resentencing judge had refused to properly exercise his discretion. In affirming the resentencing judge's decision, the appellate court pointed out that mere reference to legislative intent by the sentencing judge does not itself indicate that the sentencing judge refused to properly exercise his judicial discretion. Unlike the instant case, in *Wax* the sentencing judge had given consideration to the documents and reports but had concluded that nothing therein would merit the dismissal of defendant's prior conviction. In addition, the sentencing judge indicated to the defendant's attorney at the hearing, that he was willing to consider any factors, not contained in the documents, which might merit the dismissal of the prior conviction. Finally, the sentencing judge concluded that *Wax* was " '. . . not the kind of case that the court should strike the prior.' " Since it appears on the face of the record, that the sentencing judge in *Wax,* unlike the sentencing judge in the instant case, did not feel bound by the legislative intent, and did consider other factors as well in reaching his decision not to strike defendant's prior conviction, the appellate court was correct in ruling that there was no failure to exercise judicial discretionary power.

reports on the prior offenses and petitioner's prison behavior, it is clear from the statements made by him at the resentencing hearing that he gave them no consideration in his ultimate determination.[6] Instead, the sentencing judge assumed that his discretion was limited to a determination whether the sentences for the prior convictions qualified as felony or misdemeanor sentences, and that after such a determination, he was precluded from any further exercise of judicial discretion.

In the instant case, the only consideration upon which the resentencing judge purported to base his determination that defendant's first prior conviction, but not his second prior conviction, was to be struck, was that such a result was compelled by the legislative intent behind the offense statutes which provided that prior convictions could augment current convictions. However, neither the resentencing judge, nor the Attorney General, cite any authority which indicates that the Legislature intended to limit the exercise of judicial discretion to strike a prior conviction to those cases where the prior conviction resulted in a misdemeanor sentence. We have been unable to find any authority for such a limitation and are satisfied that such a limitation was never intended by the Legislature.

■ Insofar as the resentencing judge in the instant action felt that his judicial discretion was limited to a determination whether the second prior conviction resulted in a felony sentence, there has been a failure to exercise judicial discretion in accordance with section 11718 and *Tenorio*. The instant action is remanded for such a determination.

On remand, we direct the resentencing judge's attention to *In re Cortez*, 6 Cal.3d 78, 89 [98 Cal.Rptr. 307, 490 P.2d 819], wherein we directed that ". . . the sentencing court should obtain a new probation report and/or a report from the Director of Corrections as to the conduct of petitioner in prison since his original sentencing."

If the trial judge in his discretion chooses to request a report from the Director of Corrections, such report must be up-to-date.

Judgment is reversed with directions to the Los Angeles Superior Court

---

[6]The Attorney General argues that the resentencing judge did give proper consideration to these documents and reports. As evidence he points to the part of the transcript in which the judge discusses the vocational training that defendant is receiving at the state prison, and its ultimate value if the program is completed. However, this discussion was not in response to the motion to strike the prior convictions, but in response to the motion for a suspended sentence, after the judge had already refused to exercise his discretionary power to strike the second prior conviction.

to grant petitioner a new resentencing hearing in accordance with the views and procedures expressed herein.

Wright, C. J., McComb, J., Tobriner, J., Sullivan, J., Ford, J.,* and Roth, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.