[Crim. No. 6794. Third Dist. Apr. 18, 1973.]

In re CHARLES BUENO GOMEZ on Habeas Corpus.

## COUNSEL

Robert E. Murphy for Petitioner.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Charles P. Just and W. Scott Thorpe, Deputy Attorneys General, for Respondent.

## OPINION

**JANES, J.**—Upon the application of petitioner (a state prison inmate) for a writ of habeas corpus, we issued an order to show cause to determine

whether, at a hearing held ostensibly pursuant to *People* v. *Tenorio* (1970) 3 Cal.3d 89 [89 Cal.Rptr. 249, 473 P.2d 993], an up-to-date probation report or current report from the Director of Corrections should have been obtained by the sentencing court before it declined to strike a 1956 federal conviction.

## THE TENORIO CASE

In *People* v. *Tenorio, supra,* 3 Cal.3d 89, the court held that the portion of former section 11718 of the Health and Safety Code,[1] which prohibited the trial court in a narcotics case from striking prior narcotics convictions except upon motion of the district attorney, violated article III and article VI, section 1 of the California Constitution which proclaim the separation of powers and vest the judicial power in the judiciary. (See generally, *People* v. *Benn* (1972) 7 Cal.3d 530 [102 Cal.Rptr. 593, 498 P.2d 433]; *In re Cortez* (1971) 6 Cal.3d 78 [98 Cal.Rptr. 307, 490 P.2d 819].)

The court in *Tenorio* concluded that its decision there should be fully retroactive; and it spelled out implementing procedures, of which the following are here relevant: "Any prisoner suffering a sentence imposed after the effective date of Health and Safety Code section 11718 (Sept. 18, 1959) and augmented by virtue of a prior narcotics conviction may file a habeas corpus petition with the superior court inviting the exercise of discretion to dismiss the prior conviction. . . . Upon receipt of such a petition, the sentencing court should follow normal sentencing procedures and grant appropriate relief whenever deemed warranted in its discretion." (3 Cal.3d at pp. 95-96, fn. 2.)

## FACTS[2]

Petitioner was convicted in 1966 of violating section 11500.5 of the Health and Safety Code (unlawful possession of heroin for sale). Allegations that he had been previously convicted of two felonies—possession of heroin (state court, 1953) and concealment of narcotics (federal court, 1956)— were found true. He was sentenced to state prison for the term prescribed by law, but was released on bail pending appeal.

The judgment was affirmed in 1968 (unpublished opinion in First Ap-

---

[1]Section 11718 has recently been repealed. (Stats. 1972, ch. 1407, § 2.)

[2]The recital of facts herein is based upon those allegations of the petition, return, and answer as are undisputed, and upon our examination of the record on petitioner's 1968 appeal (1 Crim. 6150), the unpublished opinion filed on his 1970 appeal (2 Crim. 17648), and the reporter's transcript of the 1971 proceedings in the sentencing court.

pellate District, No. 1 Crim. 6150). After the remittitur was filed, the matter was restored to the trial court's calendar "for imposition of sentence." The trial court then (in 1969) denied certain motions made by petitioner, and sentenced him again to state prison. He appealed from the orders denying those motions.

Upon the second appeal, the orders were affirmed on December 30, 1970 (unpublished opinion in Second Appellate District, No. 2 Crim. 17648), except that an order denying a motion by petitioner to strike the allegation of the prior federal conviction was reversed. The cause, with respect to that motion only, was remanded to the trial court with directions (1) to reconsider said motion in the light of *People* v. *Tenorio, supra,* 3 Cal.3d 89, and (2) after such reconsideration, to take such further proceedings as might be appropriate relative to probation and the matter of resentencing.

At petitioner's *Tenorio* hearing on April 7, 1971, the trial court took the position that *Tenorio* permitted it to re-examine *both* of petitioner's prior convictions despite the restrictive directions entered on the appeal in the Second Appellate District. Accordingly, the court exercised its discretion at the 1971 hearing and struck the 1953 state conviction (possession of heroin) but refused to strike the 1956 federal conviction (concealment of narcotics). The court then announced that it would "confirm its prior sentence" of petitioner to state prison.

Before making its 1971 *Tenorio* rulings, the trial court did not obtain either an up-to-date probation report or a current report from the Director of Corrections in regard to petitioner. However, *subsequent* to the April 7 hearing and "confirmation" of sentence, the court requested and received a diagnostic study and recommendation from the Director under the provisions of Penal Code section 1168.[3] The recommendation of the Department of Corrections was up-to-date (dated April 21, 1971) and was that "no change be considered regarding the current commitment. . . ." In contrast, the diagnostic study — which included social, vocational, and custodial evaluations and recommendations by the prison staff—had been prepared in September and October *1969* and was obviously the same study that had been made upon petitioner's commitment after his *first* appeal.

---

[3]Section 1168 provides that the trial court is authorized to recall a prison sentence and commitment and to resentence the defendant if such action is deemed warranted by the diagnostic study and recommendations approved by the Director of Corrections. "The provision was not intended to authorize the granting of probation as an alternative to release on parole but rather to empower the court to take such action where it appears from the specified matters that the prison sentence should never have been imposed." (*Thomas* v. *Superior Court* (1970) 1 Cal.3d 788, 790 [83 Cal. Rptr. 357, 463 P.2d 709].)

On April 29, 1971, three weeks after the hearing and "confirmation" of sentence, the court entered a minute order which stated that it had read and considered the 1969 diagnostic study, and the court thereupon ordered "no change" in petitioner's sentence.

## CONTENTIONS

### I.

■ Preliminarily, petitioner contends that the 1956 federal conviction "is constitutionally invalid, because the conviction was obtained in violation of his Sixth Amendment right to counsel," and that the trial court "did not give the petitioner a full, fair and adequate hearing to determine whether or not the federal prior is constitutionally defective — that is, whether or not petitioner was denied counsel in the federal proceedings; and whether or not petitioner was convicted under a valid federal statute in 1956."

We decline to consider these preliminary claims. Petitioner's trial for the offense for which he is now imprisoned was held in May and June 1966, and he was first sentenced thereon in July of that year. Subsequent to that conviction, he has had two appeals (1968 and 1970) and two further hearings in the trial court (1969 and 1971). Even though the right to challenge prior convictions on the ground of denial of counsel had substantially antedated petitioner's trial (see, *In re Woods* (1966) 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913], and cases cited), at no time during the 1966 proceedings did he attack the federal prior on that ground. Nor did he raise the point on either of his two subsequent appeals. The reporter's transcript of petitioner's *Tenorio* hearing in 1971 is likewise silent as to the claimed denial of counsel in 1956.

"Habeas corpus ordinarily cannot serve as a second appeal [citations], or as a substitute for an appeal [citations]." (*In re Terry* (1971) 4 Cal.3d 911, 927 [95 Cal.Rptr. 31, 484 P.2d 1375].) "It is only where the facts alleged indicate that the accused had no opportunity to present his contentions at the trial, or on appeal, that he may resort to the writ of habeas corpus." (*People* v. *Lempia* (1956) 144 Cal.App.2d 393, 398 [301 P.2d 40].) Petitioner gives no explanation for his long delay in asserting that the federal proceedings involved a denial of counsel. (See, *In re Swain* (1949) 34 Cal.2d 300, 302 [209 P.2d 793].) Moreover, petitioner's present allegations of such denial are fatally conclusionary since they fail to state that in the federal case he *"neither was represented by counsel nor waived the right to be so represented"* (*People* v. *Merriam* (1967) 66 Cal.2d 390, 397

[58 Cal.Rptr. 1, 426 P.2d 161]; see, *In re Swain, supra,* at p. 304; *In re Womack* (1968) 262 Cal.App.2d 73, 78-79 [68 Cal.Rptr. 352]).

As to petitioner's contention that the trial court did not fairly determine whether he "was convicted under a valid federal statute in 1956," the constitutionality of the federal law prohibiting the concealment of narcotics (21 U.S.C., former § 174) was upheld on petitioner's 1970 appeal from the 1969 hearing in the sentencing court. When petitioner states that he "moved the court to strike the federal prior on constitutional grounds," he is referring to the 1969 hearing, not to his *Tenorio* hearing in 1971. Asserted errors considered on the 1970 appeal may not be considered again in the instant proceeding. (*In re Terry, supra,* 4 Cal.3d at p. 927; *In re Schunke* (1947) 81 Cal.App.2d 588, 590-591 [184 P.2d 700].)

## II.

There is clear merit, however, in petitioner's principal contention that, at the time of his 1971 *Tenorio* hearing, an up-to-date probation report or current report from the Director of Corrections should have been obtained by the sentencing court before it declined to strike the 1956 federal conviction.

As previously stated, *Tenorio* required the sentencing court, when determining whether to strike the prior convictions, to "follow *normal sentencing procedures* and grant appropriate relief whenever deemed warranted in its discretion." (3 Cal.3d at pp. 95-96, fn. 2.) (Italics added.) Since a consequence of the 1966 finding of the truth of the alleged priors was to render petitioner ineligible for probation (Health & Saf. Code, former § 11715.6[4]), the decision whether to strike those priors at the 1971 *Tenorio* hearing should have presupposed that he was *otherwise eligible* to be placed on probationary status. "[N]ormal sentencing procedures" (long settled before *Tenorio*) therefore entitled petitioner to a current probation report including a report of his conduct in prison subsequent to the 1969 commitment. (See, Pen. Code, § 1203; *People* v. *Rojas* (1962) 57 Cal.2d 676, 682 [21 Cal. Rptr. 564, 371 P.2d 300]; *People* v. *Keller* (1966) 245 Cal.App.2d 711, 715-718 [54 Cal.Rptr. 154]; *People* v. *Causey* (1964) 230 Cal.App.2d 576, 579-580 [41 Cal.Rptr. 116].)

The soundness of petitioner's claim in this regard is shown by *In re Cortez, supra,* 6 Cal.3d 78—decided seven months after petitioner's *Tenorio* hearing. In *Cortez* the court said: "For the guidance of court and counsel

---

[4]Section 11715.6 has recently been repealed and its provisions substantially reenacted as section 11370 of the Health and Safety Code. (Stats. 1972, ch. 1407, §§ 2, 3.)

in this case and in similar cases we outline the procedure to be followed *in the future* where a petition seeking *Tenorio* relief is filed: *First,* every prisoner who has been convicted of a narcotics offense between September 18, 1959 [the effective date of former section 11718 of the Health and Safety Code], and September 1, 1970 [the date of the *Tenorio* decision], . . . whose sentence was increased because of one or more prior narcotics convictions . . . and who desires an opportunity to invoke the discretion of the court to dismiss the prior convictions, may file a petition for writ of habeas corpus with the superior court of territorial jurisdiction. *Second,* that court should transfer the petition to the original sentencing court. *Third,* upon receiving the petition, the sentencing court should ascertain from its own records whether petitioner has established a prima facie case by showing that he was convicted of a narcotics offense between September 18, 1959, and September 1, 1970, and that his sentence was augmented by virtue of one or more prior narcotics convictions. If not, the petition should be summarily denied. If, however, the records substantiate the allegations, the sentencing court should issue an order directing the Attorney General, on behalf of the *People,* to show cause why the prior convictions should not be stricken for purposes of sentencing. *Fourth,* the sentencing court should appoint counsel for petitioner, unless petitioner is able to afford counsel of his own choice or, although indigent, desires and is competent to represent himself. *Fifth, the sentencing court should obtain a new probation report and/or a report from the Director of Corrections as to the conduct of petitioner in prison since his original sentencing. Sixth,* upon the filing of the return to the order to show cause the court should hold a hearing pursuant to Penal Code section 1204, at which petitioner is present in person and represented by counsel. *Seventh,* at the conclusion of the hearing, after argument by counsel and receipt of all relevant evidence, the court should, in its discretion, determine whether to strike, for the purpose of sentencing, the prior conviction or one or more of the prior convictions involved in the particular case. If the court determines not to strike the prior conviction or convictions, then it should enter an order denying the petition for writ of habeas corpus and remanding the petitioner to prison to complete his sentence pursuant to the original sentence. If, however, the court determines to strike one or more of the prior convictions, it should grant the petition for writ of habeas corpus, vacate the sentence and rearraign the petitioner for judgment and sentence." (6 Cal.3d at pp. 88-89.) (Italics added in part.) (Fn. omitted.)

The quoted statement from *Cortez* that the outlined procedure for *Tenorio* relief was to be followed "in the future" cannot be construed as a mandate that such procedure was prospective only from the date of *Cortez.* (Com-

pare, *People* v. *Vickers* (1972) 8 Cal.3d 451, 462 [105 Cal.Rptr. 305, 503 P.2d 1313].) On the contrary, after citing *Tenorio's* direction that "the sentencing court should follow normal sentencing procedures," the Supreme Court expressly noted in *Cortez* that it was "now called upon to *further detail* these implementing procedures . . . ." (6 Cal.3d at p. 82.) (Italics added.) It is thus manifest from the opinion in *Cortez* that the court there was not imposing requirements previously uncalled for by *Tenorio* but was merely expounding the specific procedure which the holding in *Tenorio* demands. (Cf., *People* v. *Rizer* (1971) 5 Cal.3d 35, 40 [95 Cal. Rptr. 23, 484 P.2d 1367].)[5]

The Attorney General does not question the applicability here of the procedures spelled out in *Cortez*. He contends, rather, that the issue is now moot—that petitioner was not prejudiced by the lack of an up-to-date probation report or current report from the Director of Corrections because, subsequent to its *Tenorio* rulings, the sentencing court "upon receiving a diagnostic study from the Department of Corrections pursuant to Penal Code section 1168, concluded that probation should not be granted and thus no change in sentence should be ordered" (quoting the return). The Attorney General further asserts that this is a case where "a petitioner . . . has his sentence confirmed after the judge has reviewed a *current cumulative* summary" and that petitioner "was sentenced according to his *most recent* status." (Italics added.)

The Attorney General's misinterpretation of the facts demonstrates the fallacy of his argument. As heretofore mentioned, the diagnostic study received by the trial court in April 1971—far from being "a current cumulative summary" showing petitioner's "most recent status"—was *a year and a half old*. Moreover, the ordering and ex parte review of the diagnostic study after the court had made its *Tenorio* rulings was clearly inconsistent with *Cortez*. The study did not satisfy the rule for *Tenorio* hearings that "[i]f the trial judge in his discretion chooses to request a report from the Director of Corrections [in lieu of or in addition to one from the probation officer], such report must be up-to-date" (*People* v. *Benn, supra,* 7 Cal.3d at p. 535).

The writ is granted. Petitioner is remanded to the custody of the Los Angeles County Superior Court with directions to that court (1) to vacate so much of its order of April 7, 1971, as declined to strike petitioner's

---

[5]In *People* v. *Wax* (1972) 24 Cal.App.3d 302 [101 Cal.Rptr. 289], without discussion, the court applied the requirement of "a new probation report and/or a report from the Director of Corrections" to a *Tenorio* hearing which (like the one at bench) was post-*Tenorio* and pre-*Cortez*.

1956 federal conviction; (2) to vacate petitioner's sentence and that part of its order of April 7, 1971, which purported to "confirm" the same; (3) to issue an order to show cause why petitioner's 1956 federal conviction should not be stricken for purposes of sentencing; and (4) to proceed in accordance with *In re Cortez* (1971) 6 Cal.3d 78 [98 Cal.Rptr. 307, 490 P.2d 819], and with the views expressed herein.

Friedman, Acting P. J., and Pierce, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.