[No. B117589. Second Dist., Div. Five. Nov. 24, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
MONTELL GARRETT, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I.2 and II.

## COUNSEL

Susan S. Bauguess, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Wendy Chase Arenson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**ARMSTRONG, J.**—Appellant Montell Garrett seeks to appeal an order denying his petition for a writ of habeas corpus. Respondent has moved to dismiss the appeal on several grounds, one being that the order is not appealable. We agree with respondent, but for the reasons stated below elect to treat the appeal as a petition for writ of habeas corpus.

Appellant was convicted, following a jury trial, of one count of trespassing in violation of Penal Code section[1] 602 and one count of kidnapping in violation of section 207. The jury found true the allegations that appellant had suffered two prior serious felony convictions within the meaning of section 667, subdivisions (b) through (i) (the three strikes law) and section 667, subdivision (a). One of these convictions was for forcible rape (§ 261, subd. (a)(2)) on February 2, 1990 and the other was for assault with a deadly weapon (§ 245, subd. (a)(1)) on December 6, 1992. The trial court sentenced appellant to a term of 35 years to life in state prison, consisting of a term of 25 years to life pursuant to the three strikes law plus 2 five-year enhancement terms pursuant to section 667, subdivision (a).

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

Appellant appealed from the judgment of conviction, contending, inter alia, that the trial court erroneously believed that it lacked discretion to strike his prior convictions. We did not consider the issue of whether the trial court had discretion to strike because we found that it would be an abuse of discretion for the trial court to strike appellant's convictions.[2]

In December 1996, after our Supreme Court issued its decision in *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497, appellant filed a petition for writ of habeas corpus in the trial court.

The trial court held an evidentiary hearing and denied appellant's motion to strike. Appellant filed a notice of appeal, and contended in his brief that the trial court abused its discretion in refusing to strike one of appellant's prior serious felony convictions.

*Discussion*

I. *Motion to dismiss*

1. *Appeal of denial of petition*

The right to a direct appeal is wholly dependent on statute. (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 108 [40 Cal.Rptr.2d 839, 893 P.2d 1160].) Appellant contends that statutory authority for his appeal is found in section 1237, which provides in pertinent part that "[a]n appeal may be taken by the defendant: [¶] . . . (b) From any order made after judgment, affecting the substantial rights of the party." Appellant relies on *In re Caffey* (1968) 68 Cal.2d 762 [69 Cal.Rptr. 93, 441 P.2d 933], *People v. Benn* (1972) 7 Cal.3d 530 [102 Cal.Rptr. 593, 498 P.2d 433], and *People v. Wax* (1972) 24 Cal.App.3d 302 [101 Cal.Rptr. 289] as interpreting section 1237 so as to permit the appeal of a denial of a petition for writ of habeas corpus, if the denial is ordered after an evidentiary hearing or a sentencing rehearing. We disagree.

Section 1237, permitting an appeal by a defendant, was enacted in 1872. (§ 1237, subd. (b) [former subd. 3].) Section 1238, which was also enacted in 1872, contained a provision which mirrored section 1237, subdivision (b) and permitted an appeal by the People from "an order made after judgment, affecting the substantial rights of the people." (§ 1238, subd. (a)(5) [former subd. 4].) Neither section, however, gave parties a right to appeal the denial of a petition for writ of habeas corpus. As our Supreme Court explained in

---

[2]At the time of this appeal, our Supreme Court had not yet issued its opinion in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628].

1913: "It has always been the law in this state that the decision of any court in a *habeas corpus* proceeding, provided the court has jurisdiction, cannot be reviewed by any other court in any way. The right of appeal has never been given, and no other method for such review has ever been provided." (*Matter of Zany* (1913) 164 Cal. 724, 726 [130 P. 710].)

*In re Caffey* does not hold to the contrary. In a footnote in *In re Caffey,* our Supreme Court instructed a sentencing court to accept a transfer of a habeas corpus petition from another superior court, conduct an evidentiary hearing on the petition if necessary and redetermine the petitioner's sentence in accordance with its findings. The court added that the sentencing court's "order will be appealable as an 'order made after judgment, affecting the substantial rights' of the defendant or the People. (Pen. Code, §§ 1237, 1238; cf. *People* v. *Stein* (1948) 31 Cal.2d 630, 633 [191 P.2d 409].)" (*In re Caffey, supra,* 68 Cal.2d at p. 765, fn. 3.)[3] This language is dicta, and not a holding binding on us, for there was at the time no question before the Supreme Court concerning the right to appeal a habeas corpus order. It is, moreover, dicta which has not been adopted by any other court. In the 30 years since *Caffey* was decided, not one published opinion has cited it for the proposition that a denial of a petition for writ of habeas corpus is appealable under section 1237.

In *People* v. *Wax, supra,* 24 Cal.App.3d 302, the court stated in one sentence that an order denying a petition for writ of habeas corpus is appealable under section 1237 as an order made after judgment. It does not appear that the question of appealability was raised by either party and the court gave no rationale for its conclusion. We, therefore, do not feel constrained to follow the *Wax* case.

Appellant contends that our Supreme Court tacitly approved *Wax* in *People* v. *Benn, supra,* 7 Cal.3d 530. We disagree. In *Benn,* our Supreme Court simply stated in a footnote that the court in *Wax* was "correct in ruling that there was no failure [by the sentencing court] to exercise judicial discretionary power." (*People* v. *Benn, supra,* 7 Cal.3d at p. 534, fn. 5.) This scarcely qualifies as approval of the appellate court's finding that the sentencing court's denial of defendant's petition for writ of habeas corpus was reviewable on appeal. *Benn* itself appears to involve an appeal by the defendant following a trial court's partial granting of relief pursuant to a writ

---

[3]*People* v. *Stein* (1948) 31 Cal.2d 630, 633 [191 P.2d 409] concerns an appeal from an order made pursuant to former section 644.

of habeas corpus, but the opinion does not consider the issue of appealability of the trial court's order.[4]

The denial of a petition for writ of habeas corpus is reviewable by means of a petition for writ of habeas corpus. In the interests of judicial economy, and because appellant filed his appeal in reliance on *People* v. *Wax, supra,* 24 Cal.App.3d 302, we will treat this appeal as a petition for writ of habeas corpus. (See *Olson* v. *Cory* (1983) 35 Cal.3d 390, 401 [197 Cal.Rptr. 843, 673 P.2d 720]; *People* v. *McMillan* (1971) 15 Cal.App.3d 576, 578 [93 Cal.Rptr. 296].)

2. *Law of the case\**

. . . . . . . . . . . . . . . . . . . . . . . .

II. *Petition for writ of habeas corpus\**

. . . . . . . . . . . . . . . . . . . . . . . .

### *Disposition*

The motion to dismiss is denied. We treat the appeal as a petition for writ of habeas corpus and deny the petition.

Grignon, Acting P. J., and Godoy Perez, J., concurred

---

[4]Section 1506 provides in pertinent part: "An appeal may be taken to the court of appeal *by the people* from a final order of a superior court made upon the return of a writ of habeas corpus discharging a defendant or otherwise granting all or any part of the relief sought, in all criminal cases, . . ." (Italics added.) Respondent is correct when it states that section 1506 does not authorize an appeal by the defendant if relief is denied. (*In re Hochberg* (1970) 2 Cal.3d 870, 876 [87 Cal.Rptr. 681, 471 P.2d 1], disapproved on other grounds in *In re Fields* (1990) 51 Cal.3d 1063 [275 Cal.Rptr. 384, 800 P.2d 862]; *People* v. *Griggs* (1967) 67 Cal.2d 314, 317 [61 Cal.Rptr. 641, 431 P.2d 225]; *Loustalot* v. *Superior Court* (1947) 30 Cal.2d 905, 913 [186 P.2d 673]; *In re Murdock* (1936) 5 Cal.2d 644, 646-647 [55 P.2d 843].)

\*See footnote, *ante,* page 1419.