Filed 4/22/15  P. v. Young CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D065404 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD250031) |
| JAMES EDWARD YOUNG III, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

Thomas Jefferson School of Law and Alex David Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Alicia Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

James Edward Young III appeals from a judgment following his jury conviction of felony vandalism under Penal Code[1] section 594, subdivisions (a) and (b)(1), and resisting a peace officer under section 148, subdivision (a)(1). Young contends the court abused its sentencing discretion by including a stayed 365-day commitment as a term of his probation based on its mistaken understanding of the effect of giving him a lesser custody term. The People respond that Young forfeited the claim by failing to object to the court's imposition of the probation condition. We agree Young's silence resulted in a forfeiture. Because his sentence is not unauthorized, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The facts of the underlying case are not materially disputed. Two eyewitnesses observed Young breaking the windows of a furniture store and reported it to the police. After police arrived on the scene, Young "stiffened up his muscles [and] he braced his body" as the police tried to place him in the back of the patrol car. Young was convicted on both counts.

Prior to sentencing, Young submitted a statement in mitigation requesting the court declare his felony vandalism charge a misdemeanor. Thereafter, the probation officer recommended Young be placed on felony probation to the court and sentenced to 180 days in local custody, stayed pending successful completion of probation.

At his February 2014 sentencing hearing, Young renewed his request to reduce his felony conviction to a misdemeanor pursuant to section 17, subdivision (b). The People

---

[1]    All statutory references are to the Penal Code.

2

agreed with the probation officer's recommendation. The court declined to reduce the felony conviction to a misdemeanor because Young had only paid a small portion of the restitution he was ordered to pay and because he did not show any remorse for the offense. The court observed that even after his conviction, Young maintained he did not commit the crime. It granted felony probation to the court and suspended imposition of the sentence for three years.

As a term of probation, the People and the probation officer agreed that a stayed 180-day local custody sentence pending successful completion of probation was appropriate. However, the trial court remarked "this isn't a borderline between a misdemeanor and a felony vandalism. This is a flat-out felony . . . the $3,000 worth of damage . . . is substantial." The court did not agree with the probation officer because "that would suggest that somebody shouldn't give [Young] 365 days as a condition of probation in the future if [he] violate[d] probation." It announced it would not so commit Young to the sheriff and stay the time: "I don't do that because that would suggest that I am somehow limited or somebody else would be limited in how much time you ought to get if you violate the terms of probation. [¶] So I don't stay 180 days because that would suggest that somebody shouldn't give you 365 days as a condition of probation in the future if you violate probation, and I'm just going to leave that question open." The court explained "if you're placed back on probation, it could be up to 365 days in county jail as a condition of probation or you could be denied probation altogether and sent to prison." Moments later, the court stated, "Oh, what the heck. I'll—in the event this is a mistake in terms of if I don't declare a certain amount of custody stayed that that makes it a

3

misdemeanor automatically, I'm going to commit you to the sheriff for 365 [days], stayed." Young did not object during or after these remarks.

The parties proceeded to discuss other terms of probation, during which defense counsel asked for clarification about the need for an anger management condition. The court responded it would not impose that condition.

The following colloquy then occurred:

"The Court: Did you go over all the conditions with [defense counsel]?

"[Young]: Yes, sir, I did.

"The Court: Do you understand all the terms and conditions?

"[Young]: Yes, sir.

"The Court: Any questions you want to ask me about them?

"[Defense counsel]: Not currently, no sir.

"The Court: With the modifications that I made, do you accept probation under those terms?

"[Young]: Yes, sir, I do.

"The Court: That's the court's order."

## DISCUSSION

Young contends the court abused its discretion because it imposed a 365-day commitment based solely on the mistaken belief that its failure to do so would convert

Young's vandalism conviction to a misdemeanor.[2]  The People respond that Young

forfeited his challenge to the probation condition by failing to object to its imposition

during the sentencing hearing.  They maintain that even if Young's claim was not

forfeited, Young is not entitled to reversal because there is no reasonable probability "that

the error affected the outcome."

Probation is reserved for convicted criminals who pose minimal risk to public

safety and whose conditional release will promote rehabilitation and reformation.

(§ 1203.1, subd. (j); *People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)  The court will

routinely impose conditions of probation when  it " 'determines, in an exercise of its

discretion, that a defendant who is statutorily eligible for probation is also suitable to

receive it.' "  (*Carbajal*, at p. 1120, quoting *People v. Welch* (1993) 5 Cal.4th 228, 230

(*Welch*).)  "In the granting of probation, the Legislature has declared the primary

considerations to be: 'the nature of the offense; the interests of justice, including

punishment, reintegration of the offender into the community, and enforcement of

conditions of probation; the loss to the victim; and the needs of the defendant.' "

(*Carbajal*, at p. 1120, quoting § 1202.7.)

Courts have broad discretion to determine if and under what conditions probation

is appropriate, and to determine which conditions of probation will most effectuate

---

2      Young further contends the trial court's decision was "not an exercise of informed
discretion, and is subject to reversal even though there may be substantial evidence to
support that order."  The case cited for this proposition—*Mark T. v. Jamie Z.* (2011) 194
Cal.App.4th 1115—is rooted in a child custody dispute with no corresponding criminal
law principle.

rehabilitation of the criminal convicted and protect public safety.  (§ 1203.1, subd. (b); *People v. Carbajal*, *supra*, 10 Cal.4th at p. 1120; see generally Cal. Rules of Court, rule 4.414.)  However, exercise of its sentencing discretion must not be arbitrary or capricious and must be "consistent with the letter and spirit of the law, and . . . based on 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847, quoting *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 978, superseded by statute on other grounds as indicated in *People v. Lynall* (2015) 233 Cal.App.4th 1102.)  A court abuses its discretion where it bases its decision on irrelevant circumstances or otherwise relies on an improper basis for decision.  (*Sandoval*, at p. 847.)  And, a failure to exercise discretion in some circumstances may be an abuse of discretion.  (See *People v. Benn* (1972) 7 Cal.3d 530, 535 [new sentencing hearing granted where the "sentencing judge did not appreciate the scope of [his] judicial discretion" and thus failed to exercise its discretion in accordance with the applicable law in granting a motion to strike a prior conviction]; cf. *People v. Gillard* (1997) 57 Cal.App.4th 136, 165 [remand appropriate where trial court's comments suggested it might have imposed a lower sentence if aware of its discretion to strike a prior strike conviction].)

However, the right to challenge a condition of probation is not unrestricted. Despite identifying an error, the defendant must also preserve the issue for appellate review.  (See *People v. Scott* (1994) 9 Cal.4th 331, 352, fn. 15 (*Scott*), citing *People v. Daly* (1959) 168 Cal.App.2d 169, 173-174 ["Any error in permitting a particular

6

judge . . . to impose a sentence is waived by the failure to object in the superior court"].)

"[L]ack of a timely and meaningful objection forfeits or waives the claim." (*Scott*, at p. 351.) Thus, "[s]entences which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are forfeited on appeal absent objection. (*Id*. at p. 354.) Fairly so, "counsel is charged with understanding, advocating, and clarifying permissible sentencing choices at the hearing. Routine defects in the court's statement of reasons are easily prevented and corrected if called to the court's attention." (*Id.* at p. 353.) As such, forfeiture should apply where "the trial court[] fail[ed] to properly make or articulate its discretionary sentencing choices. Included in this category are cases in which the stated reasons allegedly do not apply to the particular case." (*Ibid*.)

Within this principle is the forfeiture of claims against alleged errors or omissions made at the time probation conditions are considered. (*Welch*, *supra*, 5 Cal.4th at pp. 234-235.) The California Supreme Court in *Welch* expressly rejected the notion that an unauthorized sentence results where a court in imposing a probation condition "exercised its otherwise lawful authority in an erroneous manner under the particular facts." (*Welch*, at p. 236.) Rather, "[a] timely objection allows the court to modify or delete an allegedly unreasonable condition or to explain why it is necessary in a particular case. . . . A rule foreclosing appellate review of claims not timely raised in this manner helps discourage the imposition of invalid probation conditions and reduce the number of costly appeals brought on that basis." (*Welch*, *supra*, 5 Cal.4th at p. 235.) Applying the forfeiture rule to claims involving discretionary sentencing choices is appropriate because "characteristically, the trial court is in a considerably better position . . . to review and

7

modify a sentence option or probation condition that is premised upon the facts and circumstances of the individual case."  (*In re Sheena K*. (2007) 40 Cal.4th 875, 885.)

Responding to the People's assertion of forfeiture, Young contends the issue presented is a pure question of law "that is 'obvious and correctable without reference to any factual issues.' "  This amounts to a claim that his sentence is " 'unauthorized,' " or " 'in excess of jurisdiction,' " which is purely a question of law that "can be resolved without reference to the particular sentencing record developed in the trial court." (*Welch*, *supra*, 5 Cal.4th at pp. 235-236.)  Young relies on *People v. Smith* (2001) 24 Cal.4th 849, 852.  In *Smith*, the California Supreme Court held the erroneous imposition of a parole revocation fine "present[ed] a pure question of law with only one answer." (*Id.* at p. 853.)  At issue was a rule under which a "trial court ha[d] *no* choice and *must* impose a parole revocation fine equal to the restitution fine whenever the 'sentence includes a period of parole.' "  (*Ibid*., quoting § 1202.45.)  The court had properly imposed a $5,000 restitution fine under section 1202.4, but erroneously imposed a parole revocation fine of $200, an amount different than the restitution fine, in violation of section 1202.45.  (*Smith*, 24 Cal.4th at p. 853.)  Despite the People's failure to object, the court reasoned this error could be corrected on appeal because the sentencing conditions " 'could not lawfully be imposed under any circumstance in the particular case.' "  (*Smith*, at p. 852, quoting *Scott*, *supra*, 9 Cal.4th at p. 354.)

Conversely, Young does not argue the stayed 365-day commitment in local custody could not be imposed under any circumstance.  Here, the one-year stayed commitment is within the range of possible sentencing options available to the court, and

8

subject to its discretion. (See § 1203.1.) At his sentencing hearing Young had each condition of probation explained and was asked whether he understood and agreed to the terms before the sentence was imposed. Young's attorney sought clarification about conditions when she felt it was necessary. This shows defense counsel's opportunity and ability to "understand[], advocat[e], and clarify[] permissible sentencing choices at the hearing." (See *Scott*, *supra*, 9 Cal.4th at p. 353.) By failing to object, Young forfeited the claim and cannot argue it for the first time on appeal. (*Id*. at p. 352, fn. 15.)

Young asks us to exercise our discretion to review the issue "in the interest of judicial economy." But "discretion to excuse forfeiture should be exercised rarely and only in cases presenting an important legal issue." (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) We perceive no such circumstance here. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.


                                                    O'ROURKE, J.

WE CONCUR:


McDONALD, Acting P. J.


IRION, J.