Filed 5/22/15  P. v. Gastelum CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>JOSE MANUEL GASTELUM,<br><br>      Defendant and Appellant. | C075101<br><br>(Super. Ct. No. CRF112782) |

Defendant Jose Manuel Gastelum appeals following the trial court's denial of his motion to vacate the judgment.  He contends the trial court should have construed his motion as a petition for writ of habeas corpus premised on ineffective assistance of counsel.  We conclude the trial court's order, whether construed as a denial of a nonstatutory motion to vacate the judgment or a denial of a petition for a writ of habeas corpus, is nonappealable.  Therefore, we dismiss the instant appeal.

1

FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2011, defendant pled no contest to assault with a deadly weapon, a vehicle. (Pen. Code, § 245, subd. (a)(1).)[1] He acknowledged he understood and discussed the charges and possible defenses thereto with his attorney, and there was a factual basis for his plea. Defense counsel also averred he had explained the consequences of the plea, the elements of the offense, and possible defenses to defendant. The factual basis presented was that "defendant drove his car intentionally into the car of the victim; in doing so, he caused damage to the victim's car. The defendant exited his car and began hitting the victim. The defendant's ex-wife tried to intervene and she was also injured and hit." Defense counsel acknowledged the factual basis, but noted the property damage was minor. Defendant did not dispute the factual basis and orally entered his plea after hearing the factual basis. In accordance with his plea, on September 6, 2011, defendant was sentenced to serve four years in state prison, execution of the sentence was suspended, and defendant was granted three years of probation.

On September 20, 2013, defendant moved in pro per to vacate his sentence and conviction on the basis he was innocent of the charged offense. In support of his motion, defendant argued that though his vehicle did "graze" the victim's, defendant did not "intentionally or willfully use [his] vehicle to assault" the victim. Defendant construed his statement to mean he was "factually innocent" of assault with a deadly weapon. Defendant further argued his attorney "never explained to him the elements of the offense or considered the facts on how the incident occurred." Had his attorney done so, he would not have advised defendant to plead guilty. Defendant argued his guilty plea "was not freely and voluntarily made" because he would have elected to go to trial instead had

---

[1] Undesignated statutory references are to the Penal Code.

2

he known the prosecution would have been required to prove he intended to assault the victim. Defendant concluded by asking the court to "[o]rder the prosecution to Answer to this Habeas Corpus Motion" or to vacate the conviction and sentence.

On October 18, 2013, the trial court denied defendant's motion to vacate the judgment and withdraw his no contest plea because defendant had been given the requisite advisement under section 1016.5, subdivision (a).**2** Defendant timely appealed the denial of his motion.

DISCUSSION

Defendant contends the trial court denied him the opportunity to establish a prima facie case for relief when it treated defendant's motion, denominated a "Motion to Vacate Sentence and Conviction Due to Actual Innocence of Charged Offense," as a motion to vacate pursuant to section 1016.5 rather than a petition for writ of habeas corpus. Defendant cites no legal authority to support his contention that the trial court had any obligation to construe his motion, which raised concerns about ineffective assistance of counsel, as a petition for writ of habeas corpus, and we find none. Nor do we find any statutory or other authority that makes defendant's nonstatutory motion to vacate his judgment appealable. Accordingly, we dismiss defendant's appeal as noncognizable.

" '[A]n order is not appealable unless declared to be so by the Constitution or by statute. [Citations.]' [Citation.] Stated simply, a criminal appeal by the defendant may be taken only from 'a final judgment of conviction' [citation] or from 'any order made after judgment, affecting the substantial rights' of the party [citation.]" (*People v.*

---

**2** Section 1016.5, subdivision (a), requires that, prior to accepting a plea of guilty or no contest, the trial court advise any defendant as follows: "If you are not a citizen, you are hereby advised that conviction of the offense for which you have been charged may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

*Gallardo* (2000) 77 Cal.App.4th 971, 980 (*Gallardo*), citing § 1237.) Here, defendant appeals from a post-judgment order denying a nonstatutory motion to vacate the judgment, which the trial court construed as a motion to vacate pursuant to section 1016.5 and which defendant contends the trial court should have construed as a petition for writ of habeas corpus.

A broad interpretation of the statutory language permitting an appeal of a post-judgment order "affecting the substantial rights" of the party might suggest appealability. (See *Gallardo*, *supra*, 77 Cal.App.4th at p. 480 [noting trial court denials of motions to vacate and petitions for writ of habeas corpus could potentially affect the defendant's substantial rights].) "However, decisional authority has limited the scope of the phrase, defining appealability more narrowly." (*Ibid.*) For instance, denial of a motion to vacate a judgment is not generally appealable where the appeal bypasses an appeal from the judgment itself because permitting such an appeal would " 'indefinitely extend the time for appeal from the judgment.' " (*Id.* at pp. 980-981, citing *People v. Thomas* (1959) 52 Cal.2d 521, 527.)

An exception to this general prohibition exists where the motion to vacate is brought pursuant to section 1016.5, subdivision (b), based on a failure to advise the defendant of immigration consequences of his or her plea. (*Gallardo*, *supra*, 77 Cal.App.4th at p. 981.) This is how the trial court construed defendant's motion, and if defendant's appeal were premised on the contention that the trial court erroneously denied his assertion of section 1016.5 error, the appeal might have been cognizable. (See *id.* at pp. 981-982.) However, defendant instead contends his motion was not seeking relief pursuant to section 1016.5, subdivision (b), and, moreover, the trial court should have construed his motion as a petition for writ of habeas corpus. Thus, we do not consider section 1016.5, subdivision (b), as a statutory authorization for the instant appeal. Even if the trial court had construed defendant's motion as a petition for writ of habeas corpus, we would not have jurisdiction to review the court's order. Where the

4

claim is that defendant received ineffective assistance of counsel, the proper method to seek a remedy would be through a petition for writ of habeas corpus.[3] (See *Gallardo*, *supra*, 77 Cal.App.4th at p. 987 ["A claim that the defendant was deprived of effective representation of counsel . . . must be raised on appeal or by petition for writ of habeas corpus"].) But, denial of such a petition is not cognizable on appeal. (*Id.* at p. 983.) Rather, defendant's remedy would be to file a new habeas corpus petition in this court. (*Ibid.*, citing *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *People v. Garrett* (1998) 67 Cal.App.4th 1419, 1421-1423.) Thus, even if the trial court had construed defendant's motion as a petition for writ of habeas corpus, its denial of the motion would still not be cognizable in this appeal.

## DISPOSITION

The appeal is dismissed.

      HOCH     , J.

We concur:

     MAURO     , Acting P. J.

     MURRAY   , J.

---

[3] Nothing in our decision precludes defendant from seeking such relief by filing in the first instance a petition for writ of habeas corpus in the superior court.