Filed 6/21/16  P. v. Smith CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHRIS LAMAR SMITH, Defendant and Appellant. | B261140 (Los Angeles County Super. Ct. No. MA063719) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed as Modified; Petition for Habeas Corpus is Denied.

Maxine Weksler, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

I.    *The Appeal*

A jury convicted defendant Chris Lamar Smith of two counts of identity theft (Pen. Code, § 530.5, subd. (a), counts 1 & 2),[1] four counts of second degree burglary (§ 459, counts 3, 4, 13, 16), four counts of forgery (§ 476, counts 5, 6, 14, 17) and four counts of obtaining money by false pretenses (§ 532, subd. (a), counts 7, 8, 15, 18).  The jury also found true seven prior prison term enhancements under section 667.5, subdivision (b) arising from the following prior cases and convictions:  (1) case No. PA027288, possession of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)); (2) case No. PA035889, petty theft with a prior (§ 666); (3) case No. PA040187, possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); (4) case No. PA046886, possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)); (5) case No. MA037819, perjury (§ 118, subd. (a)); (6) case No. MA050784, uttering a fictitious check (§ 476); and (7) case No. MA058073, commercial burglary (§ 459).

The trial evidence is not material to the appeal.  We note only that on June 23, 2014, defendant and an accomplice (Elena Trejo) each cashed two stolen checks in different Bank of America branches in the Antelope Valley (appellant's checks were for $100 and $300, the accomplice's checks were for $300 each).  After turning himself in, defendant confessed to the crimes.

Before his sentencing hearing on December 16, 2014, the voters enacted Proposition 47 (The Safe Neighborhoods and Schools Act), effective November 5, 2014.  Proposition 47 reduced certain drug- and theft-related offenses to misdemeanors, unless committed by persons who are ineligible for that treatment based on statutory criteria.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  In section 1170.18, the Proposition also provides a procedure for defendants

---

[1]    Undesignated section references are to the Penal Code.

currently serving a felony sentence for a Proposition 47 crime to petition for a recall of the sentence and for resentencing (subd. (a)), as well as a procedure for persons who have completed their sentence for such a crime to file an application to have the offense designated as a misdemeanor (subd. (f)).

At his sentencing hearing on December 16, 2014, defendant moved to reduce his commercial burglary convictions to misdemeanors. The court denied the motion, and sentenced him to a total term of nine years in state prison. The court imposed the high term of 3 years on count 1 (identity theft, § 530.5, subd. (a)), and consecutive terms of 8 months each on counts 2 (identity theft), and counts 15 and 18 (obtaining money by false pretenses, § 532, subd. (a)). The court also imposed consecutive one-year terms for the section 667.5, subdivision (b) priors arising from four cases (case Nos. MA058073, MA050784, MA037819, and PA046886). As to all remaining counts, the court sentenced defendant to two years on each count, and stayed the sentence under section 654. The court also purported to stay three of the section 667.5, subdivision (b) priors (case Nos. PA027288, PA035889, and PA040187).

Defendant timely appealed from the judgment. However, his briefing on appeal does not challenge that judgment, except to the extent he notes that the trial court improperly stayed the sentence on three of his section 667.5, subdivision (b) priors. (See *People v. Bradley* (1998) 64 Cal.App.4th 386, 392-393 [trial court must either impose sentence or strike § 667.5, subd. (b) priors, but cannot stay them].)

Rather, he purports to challenge the trial court's post-judgment order of May 15, 2015, denying his petition for writ of habeas corpus filed on April 13, 2015. That petition sought, in relevant part, to invalidate certain of defendant's

3

section 667.5, subdivision (b) priors on the ground that the convictions underlying them had been re-designated as misdemeanors in Proposition 47 proceedings.

Defendant unsuccessfully tried to file a notice of appeal from the May 15, 2015 order, characterizing the court's order as one "denying his application to reduce his sentence and for other relief sought pursuant to Proposition 47." The superior court rejected the notice of appeal, because a defendant may not appeal from the denial of a habeas corpus petition. (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1421-1423.)

In a footnote in his opening brief, defendant argues that his petition for writ of habeas corpus was "mislabeled," and should have been treated as a petition to re-designate and resentence under Proposition 47. However, we note that on March 25, 2015, before he filed the habeas corpus petition, defendant filed a form "Motion to Reduce Charge to Misdemeanor [¶] Proposition 47," requesting the court to "recall and amend" his identity theft convictions (§ 530.5, subd. (a), counts 1 & 2) to misdemeanors, "amend" his section 667.5, subdivision (b) priors, and resentence him. The court denied the motion.

Although this ruling was appealable (see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 610 [denial of motion to recall sentence under § 1170.126 is appealable]), defendant did not appeal. Rather, after that motion was unsuccessful, he tried another procedural route: on April 13, 2015, he filed in the trial court the petition for writ of habeas corpus which the trial court denied on May 15, 2015. Thus, we find no support in the record for the notion that defendant "mislabeled" the habeas petition, or that trial court improperly construed it as a habeas petition.

Without citation of authority, defendant contends that the trial court's May 15, 2015 order should be "consolidated with this appeal" from the judgment

of conviction. However, there is nothing to consolidate, because defendant cannot appeal from that order.

Thus, the only issue defendant has properly raised on appeal is that the trial court erred in staying the sentence on three of his section 667.5, subdivision (b) priors. Defendant requests that we strike those priors. We do so, but only for the purpose of sentencing, and only under existing authority holding that the trial court cannot stay, but rather should strike, section 667.5, subdivision (b) priors if the court in its discretion does not wish to add them to a defendant's sentence. (*Bradley*, *supra*, 64 Cal.App.4th at pp. 392-393.) We do not do so on the basis of Proposition 47. We direct the clerk of the superior court to file an amended abstract of judgment so reflecting this change in the judgment, and to forward it to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.

II. *Petition For Writ of Habeas Corpus*

In the alternative, defendant argues that his opening brief "should be considered a petition for writ of habeas corpus seeking relief from the erroneous [May 15, 2015] order." Respondent does not object to the court treating the appeal as a petition for writ of habeas corpus.

In the interest of judicial economy, and because the issue raised in defendant's briefing is currently pending before the California Supreme Court, we elect to treat defendant's opening brief (to the extent it seeks invalidation of certain § 667.5, subd. (b) priors under Prop. 47) as a petition for writ of habeas corpus, and will hereafter refer to it as his petition. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4; *Garrett, supra,* 67 Cal.App.4th at p. 1423.) Contrary to defendant's request, however, we do not review the trial court's ruling. Rather, we

5

have original jurisdiction in habeas corpus proceedings (Cal. Const., art. VI, § 10), and decide them de novo.  As we explain, we deny the petition.

A. *Post Judgment Proceedings*

In a Proposition 47 proceeding held on February 26, 2015 (after judgment and while the appeal was pending), the trial court re-designated as misdemeanors defendant's convictions of burglary (counts 3, 4, 13,16) and forgery (counts 5, 6, 14, 17).  The sentence on all of these counts had originally been two years in state prison, stayed under section 654.  As a result of the re-designation, defendant was resentenced on these counts to county jail time, which was likewise stayed under section 654.  There was no change in the unstayed sentence imposed.

Also, in additional Proposition 47 proceedings held on various dates from February 26, 2015 through May 7, 2015, the trial court re-designated as misdemeanors the prior convictions underlying five of defendant's section 667.5, subdivision (b) priors:  case Nos. MA050784, MA058073, and PA046886 (which priors the court had imposed), and case Nos. PA040187 and PA035889 (which priors the court had purported to impose and stay).  Our record contains no re-designations for the prior convictions underlying the remaining two section 667.5, subdivision (b) priors:  case No. MA037819 (which the court had imposed), and case No. PA027288 (which the court had purported to stay).

III.    *The Petition is Denied*

Defendant contends that under Proposition 47, his sentence cannot be enhanced by section 667.5, subdivision (b) priors when the felony conviction underlying those priors has been re-designated as a misdemeanor.  This issue is currently pending before the California Supreme court.  (*People v. Valenzuela,*

6

S232900 (formerly (2016) 244 Cal.App.4th 692); *People v. Ruff,* S233201 (formerly (2016) 244 Cal.App.4th 935); *People v. Williams*, S233539 (formerly (2016) 245 Cal.App.4th 458.)  Given that we are treating this case as a habeas corpus proceeding in the interests of judicial economy and because the issue is pending before the Supreme Court (thus allowing defendant to file a habeas corpus petition in the Supreme Court so as to preserve the issue for decision without further trial court proceedings), we will not discuss this issue at length.  We conclude:  (1) the language from Proposition 47 on which defendant relies (that a re-designated misdemeanor is a "misdemeanor for all purposes" (§ 1170.18, subd. (k)) is most reasonably construed as meaning that misdemeanor treatment occurs going forward, not retroactively; and (2) the qualifying criterion for a section 667.5, subdivision (b) prior is having served a prior prison term for a felony conviction, and that criterion is not changed by a later reduction of the felony to a misdemeanor.  Thus, even though the felonies underlying the prison sentence defendant served for certain of the section 667.5, subdivision (b) priors have been re-designated misdemeanors, we conclude that Proposition 47 does not invalidate those priors.

**DISPOSITION**

The judgment on appeal is modified to strike the section 667.5, subdivision (b) priors arising from case Nos. PA027288, PA035889, and PA040187. The clerk of the superior court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

The petition for writ of habeas corpus is denied.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.


We concur:



EPSTEIN, P. J.



COLLINS, J.

8