Filed 11/18/15  P. v. Davis CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B263207 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA152570) |
| v. | |
| CLARENCE DAVIS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirm.

Richard B. Lennon, under appointment by the Court of Appeal, and Clarence Davis, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Clarence Davis appeals from Judge William C. Ryan's order dismissing his petition to recall his sentence under the Three Strikes Reform Act of 2012 (Pen. Code, § 1170.126), added by Proposition 36. His appointed counsel filed a *Wende* brief. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a motion to augment the record on appeal with an order by Judge Henry J. Hall, who treated the recall petition as a petition for writ of habeas corpus and denied it as untimely and lacking merit. The motion to augment was denied.

In 1997, appellant was convicted by jury of sale of a controlled substance. (Health & Saf. Code, § 11352, subd. (a).) He admitted to having suffered three prior strike convictions and to having served prior prison terms. (Pen. Code, §§ 667, subds. (b)-(i), § 667.5, subd. (b), 1170.12, subds. (a)-(d).) He was sentenced to 25 years to life in prison, plus a three-year determinate term. The judgment was affirmed. (*People v. Davis* (Dec. 15, 1998), B116591 [nonpub. opn.].)

The clerk's record in the present appeal does not contain any of appellant's recall petitions, but according to the trial court's decision, appellant has repeatedly petitioned to recall his sentence since December 2012. His original petition was denied with prejudice because one of his priors, for second degree murder (Pen. Code, § 187), renders him ineligible for resentencing. (*Id*., §§ 667, subd. (e)(2)(c)(iv)(IV), 1170.7, subd. (c)(2)(C)(iv)(IV) [ineligibility based on prior conviction for any homicide offense defined in §§ 187 through 191.5], 1170.126(e)(3).) His motion for reconsideration was denied. No appeal was taken from these decisions; instead, appellant filed several repetitive petitions for writ of habeas corpus, which were denied in case Nos. B249183, B249492, B252698, and B257143.

On January 23, 2015, appellant filed yet another petition to recall his sentence, in which he challenged the validity of his prior murder conviction. According to the trial court, the petition was dismissed the same day. Appellant then filed a declaration purporting to support the timeliness of the successive petition. The court again ordered the petition dismissed, advising appellant that his timely original petition had been denied

2

with prejudice in 2013 because his prior murder conviction rendered him ineligible for resentencing.

In his notice of appeal, appellant purports to appeal solely from Judge Ryan's order "dismissing/denying" his recall petition. He seeks to argue that his prior murder conviction is invalid.

The denial of a recall petition is immediately appealable *Teal v. Superior Court* (2014) 60 Cal.4th 595, 601), and appellant's successive recall petition was properly dismissed. (See *In re Clark* (1993) 5 Cal.4th 750, 767–768 [defendant may not generally challenge judgments "piecemeal" through repetitive proceedings].) Proposition 36 "merely provides a limited mechanism within which the trial court may consider a reduction of the sentence below the original term. . . ." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1336.) It does not authorize a collateral attack on a prior strike conviction. The validity of such a conviction may properly be challenged by way of a petition for writ of habeas corpus. (*People v. Allen* (1999) 21 Cal.4th 424, 429.)

In his unsuccessful motion to augment the record on appeal, appellant sought review of Judge Hall's separate order, which treated his recall petition as a petition for writ of habeas corpus. That order was not included in the notice of appeal, and in any event, an order denying a petition for writ of habeas corpus is not appealable; it is reviewable by means of a petition for writ of habeas corpus. (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423.)

We have reviewed the record on appeal and find no appealable issues. (*People v. Kelly* (2006) 40 Cal.4th 106, 112–114.)

3

**DISPOSITION**

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.


We concur:


MANELLA, J.


COLLINS, J.