Filed 1/4/21  P. v. Johnson CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306930 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA035569) |
| v. | |
| NATHANIEL JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge.  Appeal dismissed.

Nathaniel Johnson, in pro. per.; and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

———————————————

Nathaniel Johnson appeals from an order denying his petition for a writ of habeas corpus. Because the order is nonappealable, the appeal is dismissed.

## I.

In 1998 Nathaniel Johnson was convicted by plea of receiving stolen property (Pen. Code,[1] § 496, subd. (a)) and carjacking (§ 215, subd. (a)), and he admitted using a firearm in the commission of the carjacking. (§ 12022.5, subd. (a).) The court sentenced him to 10 years 8 months in prison.

In 2010, a jury convicted Johnson of three counts of second degree robbery (§ 211) and one count of first degree residential burglary (§ 459). The jury also found true allegations that he personally used a deadly weapon in the commission of two of the robbery counts. (§ 12022, subd. (b)(1).) Based on the 1998 conviction, the court found that he had served a prior prison term (§ 667.5, subd. (b)), he had been convicted of a prior serious felony (§ 667, subd. (a)(1)), and he had been convicted of a serious or violent felony within the meaning of the "Three Strikes" law. (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i).) The court sentenced him to 24 years 8 months in prison. On appeal from that judgment, Division Six of this court modified the judgment by striking the one-year enhancement imposed under section 667.5, subdivision (b), and affirmed the judgment as modified. (*People v. Johnson* (May 16, 2011, B223724) [nonpub. opn.].)

On May 12, 2020, Johnson filed a petition for writ of habeas corpus in the superior court. He alleged that when he

---

[1] Subsequent unspecified statutory references are to the Penal Code.

entered into his plea bargain in 1998 he was unaware that his conviction would constitute a strike and that it could be used to increase his sentence if he was subsequently convicted of other crimes. He asserts that if he had been aware of that fact, he would not have entered into the plea bargain. He requested the court strike his prior convictions, recall his sentence, and resentence him.

Johnson relied on section 1016.8, which the Legislature added in 2019.[2] (Stats. 2019, ch. 586, § 1, pp. 5223–5224.) The statute's operative provisions state: "A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent" (§ 1016.8, subd. (a)(4); and "[a] provision of a plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy" (§ 1016.8, subd. (b)).

On May 14, 2020, the superior court denied Johnson's petition. Johnson filed a timely notice of appeal.[3]

---

[2] Johnson refers to section 1016.8 as "AB 1618," a reference to the assembly bill that enacted the statute.

[3] The superior court filed Johnson's notice of appeal on July 20, 2020, ostensibly rendering the appeal untimely. Our record indicates, however, that Johnson mailed his notice of appeal from prison on June 18, 2020, well within the 60-day filing period. (Cal. Rules of Court, rules 8.25(b)(5), 8.308(a).) The notice was therefore timely.

## II.

We appointed counsel for Johnson, who filed a brief raising no issues and requesting that we follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. Counsel provided Johnson with a copy of the record and his brief, and informed Johnson that he had the right to file a supplemental brief. Counsel stated that he remains available to brief any issues upon our request.

Johnson filed a supplemental brief in which he argues that he was misled into entering into his 1998 plea bargain and, under section 1016.8, a plea bargain that is not made knowingly, intelligently, and voluntarily is void as against public policy.

## III.

An order denying a petition for a writ of habeas corpus in a noncapital case is not appealable. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895.) A "prisoner whose petition has been denied by the superior court can obtain review of his claims only by the filing of a new petition in the Court of Appeal." (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.) Because Johnson's appeal is from an order denying his petition for a writ of habeas corpus, we do not have jurisdiction to review the order.

We have discretion to deem an appeal from the denial of a petition for writ of habeas corpus to be an original habeas petition filed in this court. (See *People v. Gallardo* (2000) 77 Cal.App.4th 971, 986; *People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423.) We decline to exercise that discretion here because section 1016.8, upon which Johnson based his petition, does not support his claim for relief.

4

The Legislature enacted section 1016.8 in response to a report that a particular district attorney's office was including a provision in plea agreements whereby the defendant agreed to waive " 'all future potential benefits of any legislative actions or judicial decisions or other changes in the law that may occur after the date of this plea,' " and a statement in a 2019 Court of Appeal decision indicating that such a waiver would be enforceable. (*People v. Barton* (2020) 52 Cal.App.5th 1145, 1153, citing Sen. Com. on Public Safety, Analysis of Assem. Bill No. 1618 (2019–2020 Reg. Sess.) July 1, 2019, pp. 6–7.) By enacting section 1016.8, the Legislature "intended to 'make such provisions in a plea bargain void as against public policy.' " (*People v. Barton*, *supra*, at p. 1153.)

Johnson did not provide the superior court or this court with the terms of his 1998 plea agreement. Even if it included the type of waiver that section 1016.8 declares void, the statute would not help him because he is not seeking to obtain the *benefit* of changes in any law that postdates his plea bargain. Rather, he is seeking to avoid the *adverse* effect of the Three Strikes law as applied to his 2010 convictions. Section 1016.8 has no application here.

We are satisfied that Johnson's counsel has fulfilled his responsibilities (see *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038, review granted Oct. 14, 2020, S264278) and conclude that the appeal raises no arguable issues.

Because the appeal is from a nonappealable order, it is dismissed.

Our disposition of this appeal is without prejudice to defendant's right to file a new petition for writ of habeas corpus in the Court of Appeal.

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


                                        ROTHSCHILD, P. J.

We concur:



        CHANEY, J.



        FEDERMAN, J.*

---

   **\*** Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6