Filed 12/3/21  P. v. Ham CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B312245 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA062771) |
| v. | |
| ROBERT CARL HAM, | |
| Defendant and Appellant. | |

THE COURT:

In 2015, Robert Carl Ham (appellant) was convicted in a jury trial of five counts of committing a lewd act with a child under age 14 (Pen. Code, § 288, subd. (a); counts 1 and 3-6),[1] one count of continuous sexual abuse of a child under age 14 (§ 288.5, subd. (a); count 2), one count of committing a forcible lewd act with a child under age 14 (§ 288, subd. (b)(1); count 7), one count

___

[1]      All further statutory references are to the Penal Code unless otherwise indicated.

of rape by means of force, violence, duress, menace, or fear of bodily injury (§ 261, subd. (a)(2); count 8), one count of furnishing marijuana to a minor under age 14 (Health & Saf. Code, § 11361, subd. (a); count 10), and one count of committing a lewd act with a child who is 14 or 15 years old when the perpetrator is at least 10 years older (§ 288, subd. (c)(1); count 11).  The jury found true allegations that appellant committed an offense specified in section 667.61, subdivision (c) against more than one victim for purposes of section 667.61, subdivisions (b) and (e)(4).  On counts 1 through 8, the trial court sentenced appellant to state prison for eight consecutive terms of 15 years to life.  However, the sentence on count 7 was stayed pursuant to section 654.  Regarding count 10, the trial court sentenced appellant to a consecutive determinate term of five years.  As to count 11, the trial court sentenced appellant to a consecutive determinate term of eight months.

The parties stipulated that appellant would pay $3,288 to C.B.[2]  The trial court advised him that he had the right to a restitution hearing to determine the amount owed.  He waived that right and verbally agreed to pay $3,288 as already stipulated.  On the heels of that, the trial court informed appellant that he was ordered to pay a restitution fund fine of $10,000,[3] $400 in court security fees, $300 in criminal conviction

---

[2]     C.B. was a witness for the prosecution.  She was not a victim of appellant's crimes.  (See *People v. Ham* (Jan. 10, 2017, B267322) [nonpub. opn.] (*Ham*).)

[3]     Section 1202.4, subdivision (b)(1) provides that a restitution fine "shall be set at the discretion of the court and commensurate with the seriousness of the offense.  If the person is convicted of a felony, the fine shall not be less than three

fees, and a $200 sex offender fine. He was advised of his right to appeal from the judgment.

Appellant filed an appeal in which he raised a variety of challenges but did not challenge any of the fines or fees. We affirmed the judgment in *Ham*.

On March 8, 2021, appellant filed a petition for writ of habeas corpus and argued that the trial court violated his Fourteenth Amendment right to Due Process because he was not afforded a restitution hearing in accordance with section 1202.4, subdivision (f)(1) to contest the restitution and fines imposed on him. In addition, he argued that he received ineffective assistance of counsel during sentencing because his attorney stipulated to restitution in the amount of $3,288 to C.B., and because he failed to argue that appellant lacked the ability to pay the restitution or fines.

The trial court denied the petition. It noted that the appellant had been advised of his right to a restitution hearing, and that he gave up that right. Further, the trial court stated: "In addition, [appellant's] claim of error is in part based on the faulty premise that, before imposing sentence, the [trial court] failed to consider his ability to pay. In fact, because the sentencing judge impose[d] a restitution fine *above* the statutory minimum, the statutory scheme expressly permitted the judge to take [appellant's] ability to pay into account in setting the fine. (See § 1202.4, subd. (c).) Because, in imposing [a] victim restitution fund fine, the trial court is not limited to a consideration of a defendant's present ability to pay, but also may

hundred dollars ($300) and not more than ten thousand dollars ($10,000)."

consider a defendant's ability to pay in the future [citation], including [appellant's] ability to obtain prison wages [citation], the restitution order appears appropriate based on the nature of the crimes committed and the indeterminate sentence imposed. [Citation.]"

The trial court's order was not appealable. (See *People v. Torres* (2020) 44 Cal.App.5th 1081, 1083 (*Torres*) [denial of a motion to reduce a restitution fine based on inability to pay not appealable because it was filed after the conclusion of defendant's direct appeal]; *People v. Garrett* (1998) 67 Cal.App.4th 1419, 1421–1422 [denial of a habeas petition not appealable; when a habeas petition is denied, the remedy is to file an original habeas petition in the Court of Appeal].)

As a reviewing court, we have the discretion to treat an appeal as an original habeas petition. (*People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4.) The question is whether we should exercise that discretion here.

Habeas is a "'proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights. [Citations.]'" (*In re Harris* (1993) 5 Cal.4th 813, 825.) A habeas petition is timely only if it was filed within a reasonable time. (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 892.)

In the letter brief that appellant filed in the Court of Appeal,[4] he argues: (1) his rights were violated based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) because the trial court did not inquire as to whether he had the ability to pay; and (2) his claim was not forfeited because *Dueñas* was an unforeseeable change in the law.

---

[4] Appointed counsel filed a no merit brief.

Given that *Dueñas* was decided almost three years ago and appellant is only raising the issue now, we conclude that his habeas petition is not timely. Moreover, *Dueñas* was wrongly decided because due process does not require a trial court to determine ability to pay before imposing fines on a defendant. (*People v. Hicks* (2019) 40 Cal.App.5th 320, 322, 329, review granted Nov. 26, 2019, S258946.) Thus, appellant's *Dueñas* based due process arguments lack merit. In any event, appellant was advised of his right to a restitution hearing and he waived that right. This is not the case in which the judgment was obtained in violation of appellant's fundamental constitutional rights.

We conclude that this is not an appropriate case to treat appellant's appeal as an original petition for writ of habeas corpus. Because the order denying appellant's petition for writ of habeas corpus in the trial court was not appealable on multiple grounds, this appeal must be dismissed. (*Torres*, *supra*, 44 Cal.App.5th at pp. 1083–1084.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.