Filed 11/30/23  P. v. Wright CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DELANO LARTEL WRIGHT,<br><br>    Defendant and Appellant. | D081979<br><br><br> (Super. Ct. Nos. SCD120310/HC25932) |


APPEAL from an order of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Dismissed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers, Sharon L. Rhodes, and Alana Cohen Butler, Deputy Attorneys General, for Plaintiff and Respondent.


Delano Lartel Wright appeals from an order granting his petition for writ of habeas corpus and directing a correction of the abstract of judgment

for his 1997 criminal convictions for murder and other crimes, but denying his request for a full resentencing. Wright previously challenged this same order on the same grounds in a new petition for writ of habeas corpus filed in this court, which we denied in a five-page order on May 18, 2023. (*In re Delano L. Wright*, D081935.) We now conclude that the trial court's order is not appealable and therefore dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

On January 30, 1997, a jury found Wright guilty of first degree murder (Pen. Code,[1] § 187, subd. (a) [count 1]), conspiracy to commit murder (§ 182, subd. (a)(1) [count 2]), attempted first degree murder (§§ 664 & 187, subd. (a) [count 3]), and assault with a firearm (§ 245, subd. (b) [count 4]). The jury also found true enhancement allegations that Wright personally used a firearm in the commission of counts 1, 3, and 4 (§ 12022.5, subd. (a)) and intentionally inflicted great bodily injury or death in the commission of count 1 (§ 12022.55). The underlying facts are not relevant to this appeal.

On March 3, 1997, the court sentenced Wright to 25 years to life plus 29 years, consecutive to another term of life with the possibility of parole. The original sentence included a consecutive upper term of nine years for the assault in count 4, plus an additional consecutive term of five years for the section 12022.5 firearm use enhancement accompanying count 4.

On direct appeal, this court modified the judgment by (1) staying the total term imposed for the assault in count 4 under section 654, including the accompanying section 12022.5 firearm use enhancement, and (2) staying the section 12022.5 firearm use enhancement for count 1 under former section 1170.1, subdivision (e). We ordered the abstract of judgment amended to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

reflect these modifications. As so modified, we affirmed the judgment. Because we modified the judgment ourselves, we did not remand the case for resentencing. (*People v. Wright* (Mar. 15, 1999, D028306) [nonpub. opn.]); see § 1260 [appellate court may reverse, affirm, or modify judgment].)[2]

As to count 4, we specifically stated: "The trial court imposed a consecutive upper term of nine years on the assault charge *plus five years for the section 12022.5 firearm use enhancement found true as to that count*. The abstract of judgment is ordered amended to state *that term is stayed* pursuant to section 654." (*People v. Wright*, *supra*, D028306, italics added.)

On June 5, 2000, the trial court issued an amended abstract of judgment. The amended abstract of judgment correctly showed that the section 12022.5 firearm use enhancement for count 1 and the nine-year upper term sentence for count 4 had been stayed. However, the amended abstract of judgment did not reflect a stay of the five-year consecutive sentence for the section 12022.5 firearm use enhancement accompanying count 4, as our opinion had directed.

Twenty years later, a case records analyst for the California Department of Corrections and Rehabilitation (CDCR) wrote letters to the trial court dated April 30 and September 10, 2020 advising that the five-year section 12022.5 enhancement accompanying count 4 should potentially be stayed because the sentence on the underlying count had been stayed under section 654. The letters further stated: "Please review your file to determine

---

[2]    The parties have described this court's opinion of March 15, 1999 in their briefs, but it is not included in the appellate record. On our own motion, we take judicial notice of the opinion. (Evid. Code, §§ 452, subd. (d), 459.) We also grant the People's unopposed motion for judicial notice of the record of this court for Wright's previously filed habeas corpus petition. (*In re Delano Wright*, D081935.)

3

if a correction is required." In response to these letters, the court did not stay the section 12022.5 firearm use enhancement accompanying count 4.

Two years later, Wright filed a petition for writ of habeas corpus alleging that the trial court had imposed an illegal sentence and attaching the two CDCR letters. At the court's request, the People filed an informal response. The People argued that the petition was untimely. In the alternative, the People conceded that Wright was entitled to relief by way of a nunc pro tunc correction of the sentence, but not a full resentencing hearing. In reply, Wright argued that the delay was justifiable, the enhancement should be stayed, and he should be fully resentenced with the benefit of any new ameliorative laws.

On February 6, 2023, the trial court issued an order granting the petition for writ of habeas corpus. The court noted the "established rule" that "where a count is stayed under section 654, an enhancement relating to it must be stayed as well." To conform to this court's decision on direct appeal, the trial court found that the amended abstract of judgment should have reflected a stay of the five-year firearm use enhancement accompanying count 4, as we had directed. The court concluded: "Therefore, the petition is GRANTED. The abstract of judgment shall be amended, nunc pro tunc June 5, 2000, to reflect a stay of the five-year enhancement term imposed under count 4 and a corresponding adjustment of the determinate portion of the total sentence."

The court declined to conduct a full resentencing hearing. It reasoned: "The court does not interpret CDCR's correspondence as a request for a resentencing hearing, but simply a request to review the abstract of judgment for error. Considering the error and the circumstances, the court finds that a resentencing hearing is not in order. The error requires the court

4

to strike the enhancement term under count 4 as an unauthorized sentence based on the appellate decision; it does not require the court to resentence Petitioner on count 4 since that count was stayed pursuant to section 654. The Court of Appeal did not find the entire sentence void.  Thus, a nunc pro tunc order suffices to correctly reflect the appellate decision in this case."

Wright filed this appeal (D081979) and a new petition for writ of habeas corpus in this court (D081935), both challenging the trial court's order of February 6, 2023 and arguing that the court should have conducted a full resentencing hearing.  On May 18, 2023, we denied Wright's new petition for writ of habeas corpus in a five-page order.  We concluded that the order correcting the abstract of judgment was properly issued nunc pro tunc to correct a clerical error in the amended abstract of judgment of June 5, 2000, and that a mere correction of clerical error did not require a resentencing hearing.  Specifically, we found that "it was appropriate for the superior court to issue a corrective nunc pro tunc order to conform the judgment with the appellate decision as opposed to conducting a resentencing hearing."  Wright now raises the same issue in this appeal.

## DISCUSSION

The parties dispute whether the trial court's order is appealable.  The People argue that the trial court's order is properly viewed as one granting habeas relief in part but denying it in part as to Wright's request for a full resentencing.  Because an order denying habeas relief is not appealable, and Wright made his request for full resentencing in the habeas proceedings, the People assert that the trial court's denial of this request is not appealable.

Wright argues that the order is appealable for two reasons.  First, he contends that he is not appealing from the *denial* of habeas relief because the trial court *granted* his habeas petition.  We reject this argument.  As the

5

People argue, Wright is appealing from the denial of relief he sought in the habeas proceedings. Although the trial court granted him partial relief by directing that the abstract of judgment be amended to reflect a stay of the firearm enhancement accompanying count 4, the court denied his request for full resentencing. It would make little sense to hold that a partial denial of habeas relief is appealable even though a complete denial of habeas relief is not appealable. Wright cites no authority for this proposition. The denial of relief sought in a petition for writ of habeas corpus is reviewable only by means of a new petition for writ of habeas corpus filed in the appellate court. (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423.) We have already denied the new habeas petition Wright filed in this court challenging the same order on the same grounds.

Second, Wright contends that the court's denial of his request for resentencing was tantamount to an order denying a CDCR recommendation to recall a sentence under section 1172.1 (formerly section 1170, subdivision (d)(1)), which is appealable as an "order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b); see *People v. Mendez* (2021) 69 Cal.App.5th 347, 353.) We again disagree. The CDCR letters did not recommend that Wright's sentence be recalled and did not cite the recall statute; they merely advised the court of a potential error in the amended abstract of judgment and stated: "Please review your file to determine if a correction is required." Thus, the order is not appealable on this basis. (*People v. Magana* (2021) 63 Cal.App.5th 1120, 1126–1128 (*Magana*) [trial court's order correcting clerical error in abstract of judgment in response to similar CDCR communication was not appealable].)

As we concluded in our order denying Wright's habeas petition filed in this court, the trial court's ruling merely corrected a clerical error in the

amended abstract of judgment "to conform the judgment with the appellate decision" on direct appeal. Our decision on direct appeal modified the judgment and explicitly directed that the abstract of judgment be amended to reflect that *both* the nine-year term for the assault in count 4 *and* the five-year term for the accompanying firearm use enhancement were stayed under section 654. Yet the amended abstract of judgment did not accurately reflect our modification. Although it showed the stay of the nine-year sentence for the assault, it did not show any stay of the five-year sentence for the accompanying firearm use enhancement. This mismatch between the judgment as modified by our prior opinion and the amended abstract of judgment constitutes a clerical error. (*People v. Humphrey* (2020) 44 Cal.App.5th 371, 379.) The trial court's correction of this clerical error did not affect Wright's substantial rights because it merely conformed the abstract of judgment to the modification we made in 1999.

Finally, the trial court's order is not appealable because the court lacked jurisdiction to conduct a resentencing. (*Magana*, *supra*, 63 Cal.App.5th at pp. 1126–1128.) Our opinion on direct appeal modified the judgment without ordering a resentencing. (§ 1260.) With limited exceptions, once a judgment is final, the sentencing court is without jurisdiction to vacate or modify the sentence, except under the provisions of section 1172.1 (formerly section 1170, subdivision (d)). (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134.) The trial court lacked authority to recall the sentence under section 1172.1 because the CDCR did not recommend a recall; the 120 days for the trial court to recall a sentence on its own motion had long passed; and a defendant may not make a motion to recall the sentence. (*Magana*, at pp. 1125–1126.) Because "the trial court had no jurisdiction to grant defendant's motion for a resentencing hearing," the "order denying that

[request] did not affect defendant's substantial rights and was not an appealable order." (*Id.* at p. 1128; see also *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725–1726 [order denying defendant's request for resentencing not appealable where trial court no longer had jurisdiction to resentence the defendant]; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208 [same].)

DISPOSITION

The appeal is dismissed.


BUCHANAN, J.

WE CONCUR:



McCONNELL, P. J.



CASTILLO, J.