Filed 2/28/25  P. v. Rengel CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GUSTAVO RENGEL,<br><br>Defendant and Appellant. | B336333<br>(Los Angeles County<br>Super. Ct. No. BA405056) |

APPEAL from the judgment of the Superior Court of Los Angeles County, Serena R. Murillo, Judge.  Appeal dismissed.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Gustavo Rengel filed a petition for a writ of habeas corpus in the Supreme Court alleging that part of his prison sentence was unlawful. The Supreme Court issued an order to show cause (OSC) returnable in the superior court. After the superior court resentenced Rengel, Rengel appealed. Rengel's appellate counsel found no arguable issues to raise on appeal and filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Because the superior court's order is not an appealable order, we dismiss the appeal.

## FACTUAL AND PROCEDURAL SUMMARY

In May 2014, a jury convicted Gustavo Rengel of two counts of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b))[1] and, as to count 1, found true an allegation that Rengel personally used a firearm in the commission of an assault. The jury also found true gang enhancement allegations as to each count. (§ 186.22, subd. (b)(1)(c).) The court sentenced Rengel to 31 years in prison. In 2016, we affirmed the judgment in an unpublished opinion. (*People v. Soltero* (Nov. 30, 2016, B260134, B262570).) The Supreme Court denied review on March 15, 2017.

On August 16, 2022, Rengel filed a petition for a writ of habeas corpus in the California Supreme Court asserting, among other grounds, that the imposition of the firearm and gang enhancements resulted in an unlawful sentence and requesting "the court to dismiss [one] of these enhancements." The Attorney General filed an informal response to the petition conceding that

---

[1] All further unspecified statutory references are to the Penal Code.

2

the imposition of both enhancements "resulted in an unauthorized sentence."

On May 17, 2023, the Supreme Court issued an OSC returnable to the superior court directing the California Department of Corrections and Rehabilitation (CDCR) to show cause why Rengel's sentence is authorized. The court appointed counsel for Rengel and set the matter for hearing. The parties, through counsel, thereafter stipulated to terms of resentencing and waived Rengel's right to a hearing on the OSC.

On December 1, 2023, Rengel's counsel and a prosecutor were present in court. Rengel attended via remote video connection. Rengel's counsel read the following stipulation into the record. Rengel's sentence is recalled, vacated, and set aside. The court will strike the gang enhancement in counts 1 and 2. Rengel will be resentenced to a total term of 18 years in prison calculated as follows: Six years on count 1 (§ 245, subd. (b)), plus 10 years for the firearm enhancement (§ 12022.5, subd. (a)), and two years on count 2 (§ 245, subd. (b)), to be served consecutive to the sentence on count 1. Rengel will be credited with 4,029 days of custody credits and 826 days of conduct credits, for a total of 4,855 days of credit as of the date of the hearing, and the CDCR shall calculate his conduct credits from the date of his initial sentencing on February 24, 2015. Lastly, Rengel acknowledged that he "would normally have a right to a full resentencing and to filing a notice of appeal regarding this sentence," but "in exchange for this agreed upon disposition, he is agreeing to waive his right to appeal any aspect of this new sentence under current law."

The court then struck the gang enhancements and pronounced the new sentence in accordance with the stipulation.

3

The court asked Rengel if he had any questions.  He responded, "Is it pretty much it?"  His counsel responded, "Yes."

Rengel filed a notice of appeal.[2]  He attached to the notice a Judicial Council form of request for certificate of probable cause asserting two grounds:  (1) "I was promised 'time served' yet the prison is saying the court made a mistake!  This [is] not the deal I was promised"; and (2) "I begged my attorney to file under . . . *People* [*v.*] *Estrada* (1965) 63 Cal.2d 740—case not final—apply new sentencing laws to defendant like [Senate Bill No.] 620— [Senate Bill No.] 81."  (Capitalization omitted).[3]  He added:  "My release date when [*sic*] from 2036–2028???  That was not 13 years off!  That was only 8 years off!?!"  (Capitalization omitted).

Around the same time, Rengel filed a petition for writ of habeas corpus in this court alleging that his attorney in the resentencing procedure provided ineffective assistance of counsel.  In particular, he alleged that he had agreed to a new sentence for "time served" and "would be released," and that he had "begged"

---

[2] Although the notice does not specify the date of the order from which he is appealing, we deem it to be from the December 1, 2023 resentencing order.

[3] Senate Bill No. 620 (2017–2018 Reg. Sess.) (Stats. 2017, ch. 682, § 1) amended section 12022.5, subdivision (c), to provide that a sentencing "court may, in the interest of justice pursuant to Section 1385 and at the time of sentencing, strike or dismiss an enhancement" for the personal use of a firearm in the commission of a felony.

Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to add subdivision (c), which provides in part that "the court shall dismiss an enhancement if it is in the furtherance of justice to do so."

his counsel to seek relief under "[Senate Bill No.] 620 and [Senate Bill No.] 81." On February 7, 2024, this court denied the petition without prejudice to Rengel filing a new petition in the superior court.[4]

Rengel's counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, stating that he reviewed the record on appeal and found no arguable issues to raise. Counsel requested we independently review the record to determine whether there are any arguable issues. Counsel provided Rengel with a copy of the record on appeal and informed Rengel that he would be filing a *Wende* brief and that Rengel had the right to file a supplemental brief within 30 days of December 30, 2024.

On December 30, 2024, this court sent a letter to Rengel informing him that he may, within 30 days, "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which [he] wishes this court to consider."[5]

Rengel did not file a supplemental brief.

---

[4] On our own motion, we take judicial notice of the petition and our order dismissing the petition in *In re Gustavo Rengel on Habeas Corpus*, case No. B333948.

[5] This court sent its letter to Rengel's address of record at Centinela State Prison in Imperial, California—the address stated on his notice of appeal. Counsel stated that he sent his *Wende* brief and other materials to Rengel "at the most current address [counsel] then had for him" at California State Prison, Sacramento, located in Represa, California. According to counsel's statement in a previously filed declaration, Rengel was transferred to the facility in Represa in late October 2024.

## DISCUSSION

" '[A]n order is not appealable unless declared to be so by the Constitution or by statute.' " (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 980 (*Gallardo*).) In his *Wende* brief, Rengel's counsel states that the order from which Rengel appealed is appealable under section 1237, subdivision (b). That statute provides a criminal defendant with the right to appeal "from 'any order made after judgment, affecting the substantial rights' of the party." (*Gallardo, supra*, at p. 980.) As one court has explained, "[i]f interpreted broadly, [this statute] would apply to any postjudgment attack upon the conviction or sentence," including petitions for writ of habeas corpus. (*Ibid*.) The statute, however, has not been so broadly interpreted and neither that statute nor any other constitutional or statutory provision provides a criminal defendant (other than a person sentenced to death)[6] with the right to appeal from a ruling on a habeas corpus petition. (*Briggs v. Brown* (2017) 3 Cal.5th 808, 836; *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *Gallardo, supra*, at pp. 983, 986; *People v. Garrett* (1998) 67 Cal.App.4th 1419, 1422 (*Garrett*).) The petitioner's remedy is to file "a new petition in the Court of Appeal." (*In re Clark, supra*, 5 Cal.4th at p. 767, fn. 7; see *In re Reed* (1983) 33 Cal.3d 914, 918, fn. 2.)

Rengel sought this remedy by filing a habeas corpus petition in this court concurrently with this appeal appearing to raise the same issues in each proceeding. Thus, although a Court

---

[6] Section 1509.1, subdivision (a), provides for appeals from an order resolving a "petition for writ of habeas corpus filed by a person in custody pursuant to a judgment of death." (§ 1509, subd. (a).)

of Appeal may deem an appeal from an unappealable order as a petition for writ of habeas corpus (*Garrett*, *supra*, 67 Cal.App.4th at p. 1423), we decline to do so in this case because it would be duplicative of the habeas petition we disposed of in February 2024.

Accordingly, the appeal is dismissed.[7]

---

[7] We are satisfied that Rengel's counsel has fully complied with his responsibilities.  (*Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 119.)

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



BENDIX, J.



WEINGART, J.