Filed 2/18/26  P. v. Raouf CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B340815 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. SA089323 |
| JOSEPH RAOUF, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Dismissed.

Elizabeth K. Horowitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Joseph Raouf appeals from the superior court's order denying his request to recall his sentence and resentence him under Penal Code section 1172.1.[1]  Appellate counsel asks us to follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.[2]  Because we conclude the superior court's order is not appealable, we dismiss the appeal.

## BACKGROUND

On June 23, 2016, a trial court found Raouf guilty of three counts of second degree robbery (§ 211; counts 1, 6, & 7), two counts of resisting an executive officer (§ 69; counts 3 & 13), one count of possession of a firearm by a felon (§ 29800, subd. (a)(1); count 5), one count of assault with a deadly weapon upon a peace officer (§ 245, subd. (c); count 10); one count of criminal threats (§ 422, subd. (a); count 11), and one misdemeanor count of battery upon a peace officer (§ 243, subd. (b); count 12).  The court found allegations true for being personally armed with a firearm as to the robbery convictions in counts 1 and 7.  The court found the allegation not true for being personally armed with a firearm for the robbery conviction in count 6.

After hearing evidence in the sanity phase of the trial, the court concluded that Raouf was sane at the time he committed the crimes.

---

[1]    All further undesignated statutory references are to the Penal Code.

[2]    The *Delgadillo* procedures apply to appeals for orders denying post-conviction relief under section 1172.1.  (*People v. Rosemond* (2025) 108 Cal.App.5th 667, 673.)

The trial court found true an alleged prior conviction under the Three Strikes law (§§ 667, subd. (a), 1170.12, subd. (b)) and the prior serious felony conviction enhancement (§ 667, subd. (a)(1)). The court also found true the allegation that Raouf served a prior prison term under section 667.5, subdivision (b).

On July 12, 2016, the trial court sentenced Raouf to an aggregate term of 27 years in state prison. On count 1, the court imposed 11 years as the principal term. On each of counts 5, 11, and 13, the court imposed a consecutive one year and four months. On count 6, the court imposed a consecutive two years. On count 7, the court imposed a consecutive two years and four months. On count 10, the court imposed a consecutive two years and eight months. On count 3, the court imposed six years. On count 12, the court imposed 364 days in jail. The court stayed the terms for counts 3 and 12 pursuant to section 654. The court imposed an additional five years for the prior serious felony conviction enhancement under section 667, subdivision (a)(1).

On September 20, 2018, this court affirmed Raouf's convictions on direct appeal.[3]

On January 16, 2019, the Supreme Court granted Raouf's petition for review. The Supreme Court transferred the case back to this court with directions to vacate the original opinion and reconsider the appeal in light of Senate Bill No. 1393. On April 23, 2019, this court vacated the sentence and remanded the case to allow the trial court to exercise its discretion to dismiss the enhancement under section 667, subdivision (a)(1), pursuant to the amendment by Senate Bill No. 1393.[4] On August 21, 2019,

---

[3] *People v. Raouf* (Sept. 20, 2018, B276258) [nonpub. opn.].

[4] *People v. Raouf, supra*, B276258.

on remand, the trial court held a resentencing hearing and struck the prior serious felony conviction enhancement, reducing the aggregate term to 22 years.

On July 8, 2024, in pro. per., Raouf filed a petition for writ of habeas corpus in the trial court. He sought relief under Assembly Bill No. 600 which amended section 1172.1. On August 20, 2024, the superior court summarily denied Raouf's petition.

Raouf appealed and we appointed counsel to represent him. Counsel filed an opening brief stating this court should determine the appealability of Raouf's motion. It notes that other courts have found similar orders nonappealable, citing *People v. Hodge* (2024) 107 Cal.App.5th 985, 995–999 (*Hodge*), *People v. Faustinos* (2025) 109 Cal.App.5th 687, 695–700 (*Faustinos*), and *People v. Roy* (2025) 110 Cal.App.5th 991, 997 (*Roy*).

In her opening brief, counsel also asserts that she "reviewed the entire record and found no arguable issues to raise on appeal." Counsel requested that we follow the procedures in *Delgadillo*. Counsel stated she had written to Raouf and advised him that he could submit a supplemental brief. Counsel also stated she sent a copy of her brief and the transcripts of the record on appeal to him.

On November 19, 2025, Raouf filed a supplemental brief with this court, which requested resentencing.

4

## DISCUSSION

Generally, a trial court cannot resentence once execution of the sentence has begun. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) But section 1172.1 provides for a trial court to recall a sentence and resentence a defendant on its own motion within 120 days of commitment for any reason "rationally related to lawful sentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [discussing former § 1170, subd. (d)].) Or it may resentence on its own motion "at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) A court may also resentence at any time at the recommendation of the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, or the Attorney General. (*Ibid*.)

A trial court's denial of the defendant's request to recall his sentence does not affect his substantial rights under section 1237, subdivision (b). (*Faustinos*, *supra*, 109 Cal.App.5th at p. 696; *Hodge*, *supra*, 107 Cal.App.5th at p. 999; *Roy*, *supra*, 110 Cal.App.5th at p. 998.) Section 1172.1 does not permit a defendant to file a petition seeking relief. (§ 1172.1, subd. (c).) A defendant who files "an unauthorized request for resentencing has no right to a ruling." (*Hodge*, at p. 996; *Roy*, at p. 998.) Section 1172.1 does not require that the court consider resentencing at a defendant's request or even respond to it. (§ 1172.1, subd. (c); *Faustinos*, at p. 696; *Hodge*, at p. 991; *Roy*, at p. 998.)

The superior court's postjudgment order is not appealable because it did not affect Raouf's substantial rights.[5] (*Faustinos*, *supra*, 109 Cal.App.5th at p. 693; *Hodge*, *supra*, 107 Cal.App.5th at pp. 963, 999; *Roy*, *supra*, 110 Cal.App.5th at p. 1001.) We dismiss the appeal because there is no appealable order.

## DISPOSITION

We dismiss the appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

HANASONO, J.

We concur:

EDMON, P. J.

EGERTON, J.

---

[5] Raouf appeals the denial of his petition for writ of habeas corpus. But such a denial is also not appealable. (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1422–1423; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.)